*365
 
 Turner, J.
 

 While a large record was filed in this case there is but one question before us and that is: Did the Court of Appeals err in sustaining the motion to dismiss the appeal?
 

 Section 11421-4, General Code, reads as follows:
 

 “Parties to a question which might be the subject of a civil action, on filing an affidavit that the controversy is real and the proceeding in good faith to determine their rights, may agree upon a case containing the facts upon which the controversy depends, and present a submission of it to any court of competent jurisdiction, which shall hear and determine the case, and render judgment as if an action were pending.”
 

 Section 11421-5, General Code, provides:
 

 “The case, the submission, and the judgment, shall constitute the record.”
 

 Section 11421-6, General Code, provides:
 

 “The judgment shall be with costs, may be enforced, and shall be subject to reversal, in like manner, as if it has been rendered in an action, unless otherwise provided in the submission.”
 

 Under the procedure followed by the parties, it became a question of fact whether the case was subject to reversal. In the opening of the hearing before the special master commissioner appointed by the Court of Appeals, the following took place:'
 

 “By Mr. Caris: This hearing is before me. as special master commissioner appointed by the Court of Appeals of this district. The entry, gentlemen, as I understand it simply means I shall take the testimony • and report to the court without in any wise making a recommendation as to what the court shall find on the evidence. Is that agreed?
 

 “By Mr. Summers: That is agreed, your Honor.
 

 “By Judge Kerr: Yes.”
 

 The submission being ambiguous, the parties had a right to explain that submission by oral testimony.
 

 
 *366
 
 In 2 American Jurisprudence, 375, Section 13, it is said:
 

 “In case a review in an appellate court is contemplated, it is customary .for the parties to state in the agreed case that a right to appeal or to sue out writ of error is reserved to each party.”
 

 While the special master commissioner sustained objections to the offering of testimony in this regard, proffers were made and such testimony was before the Court of Appeals which decided the fact.
 

 While we are not favored with an opinion by the Court of Appeals it is our duty to assume that such •court acted in accordance with law unless the record ••shows the contrary.
 

 As stated in 2 Ohio Jurisprudence (App. Rev., Pt.
 
 2),
 
 1015, Section 565:
 

 “No rule with relation to Ohio appellate courts is better settled than the fundamental principle that in •appeals on questions of law, all reasonable presumptions consistent with the record will be indulged in favor of the validity of the judgment or decision under review, and of the regularity and legality of the proceedings below. This is in accordance with the old maxim * * (all things are presumed correctly and with due formality to have been done until it is proved to the contrary).”
 

 This court does not pass upon facts or weight of evidence but accepts the facts and weight of evidence as found by the lower court. Section 12223-31, General Code;
 
 State, ex rel. Kobelt,
 
 v.
 
 Baker et al., Trustees,
 
 137 Ohio St., 337, 29 N. E. (2d), 960.
 

 The Court of Appeals having appointed a special master commissioner for the purpose of taking testimony, reducing it to writing and reporting it to the court, such special master commissioner having-performed his duty as directed, and the court having
 
 *367
 
 sustained appellees’ motion to dismiss the appeal, and having dismissed such appeal, the judgment of the Court of Appeals should be and hereby is affirmed.
 

 Judgment affirmed.
 

 Matthias, Hart, Zimmerman, Stewart and Taet, JJ., concur.