THE STATE OF OHIO, APPELLANT, *v.* BRANDON, APPELLEE.

[Cite as State *v.* Brandon (1989), 45 Ohio St. 3d 85.]

(No. 88-1294—Submitted May 30, 1989—Decided August 23, 1989.)

*Lynn C. Slaby,* prosecuting attorney, and *Marc R. Wolff,* for appellant.

*Annette L. Powers* and *Richard Kasay,* for appellee.

DOUGLAS, J. The issue before this court is whether appellee's testimony before the trial court constituted evidence indicating that his prior convictions had been uncounseled. We do not believe that appellee's statements constituted such evidence and, therefore, reverse the judgment of the court of appeals.

As noted *supra,* the jury found appellee not guilty of robbery but guilty of the lesser offense of theft. The jury also, by special interrogatory, found that appellee had a prior conviction for theft. R.C. 2913.02(B) provides in pertinent part that "* * * if the offender previously has been convicted of a theft offense, a violation of this section is theft, a felony of the fourth degree. * * *" Therefore, based on this statute, the trial court was justified in imposing a sentence of one and one-half years.

The crucial question becomes whether appellee was represented by counsel for his prior theft convictions. It is unquestioned that an indigent defendant may not be sentenced to a term of imprisonment unless the state has afforded said defendant the right to assistance of counsel. See *Scott* v. *Illinois* (1979), 440 U.S. 367; *Argersinger* v. *Hamlin* (1972), 407 U.S. 25; *Gideon* v. *Wainwright* (1963), 372 U.S. 335.

This is not to say that counsel is required in all instances. Indeed, in *Scott, supra,* the court essentially held that uncounseled misdemeanor convictions are constitutionally valid if the offender is not actually incarcerated.

However, even though this type of uncounseled conviction may be constitutionally valid, the Supreme Court has specifically stated that such a conviction *may not* be used to enhance a sentence in any subsequent conviction. In *Baldasar* v. *Illinois* (1980), 446 U.S. 222, the court held at 226 that "* * * petitioner's prior uncounseled misdemeanor conviction could not be used collaterally to impose an increased term of imprisonment upon a subsequent conviction."

Clearly, if it is established that appellee's prior convictions were uncounseled, then it would have been inappropriate for the trial court to use these convictions for the purpose of enhancement of sentence. The question then becomes whether appellee raised the issue of lack of counsel in an appropriate manner.

In *State* v. *Adams* (1988), 37 Ohio St. 3d 295, 525 N.E. 2d 1361, paragraph two of the syllabus, this court held: "When a defendant raises a constitutional question concerning a prior conviction, he must lodge an objection as to the use of this conviction and he must present sufficient evidence to establish a prima facie showing of a constitutional infirmity." It is our view that appellee failed to meet this burden.

The record indicates that appellee's counsel did object to the interrogatory concerning appellee's prior convictions, arguing that "[t]here has been no evidence that he [appellee] was represented by counsel * * *." We do not agree, however, with appellee or the court of appeals that the record contains any evidence that appellee was *not* represented by counsel.

Indeed, the most reasonable presumption is just the opposite. Appellee testified that he was found guilty of petty theft and sentenced to six months in jail. As discussed *supra,* a criminal defendant may not be sentenced to a period of incarceration unless the defendant is represented by counsel or the defendant knowingly waives his right to counsel. Nothing in the record before us indicates any objections were made or appeals taken from appellee's prior convictions. Therefore, we must presume them to be proper. *Omnia praesumuntur rite et solemniter esse acta donec probetur in contrarium.* (All things are presumed to have been rightly and duly performed until it is proved to the contrary.) See *State* v. *Edwards* (1952), 157 Ohio St. 175, 47 O.O. 122, 105 N.E. 2d 259; *Jaffrin* v. *DiEgidio* (1949), 152 Ohio St. 359, 40 O.O. 381, 89 N.E. 2d 459. Furthermore, if the presumption of a given set of facts is necessary, we must presume the set of facts that validates, rather than invalidates, the judgment. *Fisher & Lanning* v. *Quillen* (1907), 76 Ohio St. 189, 81 N.E. 182.[2]

The court of appeals, citing *State* v. *Maynard, supra,* held that appellee presented *some* evidence that his prior convictions were uncounseled. We disagree. Appellee's testimony merely indicated that he had two prior petty theft convictions. No mention is made of whether these convictions were counseled or not. We presume that appellee's prior convictions were counseled because this presumption validates the judgment of the trial court.

The presumption we entertain is not irrebuttable. Appellee simply failed

---

[2] "* * * We are not to presume a state of facts which would invalidate the journal entries, when a different state of facts may be reasonably presumed which would make them regular and valid." *Fisher & Lanning, supra,* at 199, 81 N.E. at 184, citing *Sheehan* v. *Davis* (1867), 17 Ohio St. 571, 580.

88

in his burden of presenting sufficient evidence to establish a prima-facie showing that his prior convictions were uncounseled. *Adams, supra.* Indeed, appellee's burden in this regard was hardly difficult. Had appellee's counsel simply asked appellee during testimony whether his prior convictions were counseled, a negative response would have established a prima-facie showing of constitutional infirmity. This one question and answer would have then placed on the state the burden of proving that appellee's prior convictions *were* counseled. Because appellee failed to meet his burden, we presume his prior convictions were counseled and that, therefore, the convictions could be used to enhance his penalty in the case before us to felony theft.

In summation, where questions arise concerning a prior conviction, a reviewing court must presume all underlying proceedings were conducted in accordance with the rules of law and a defendant must introduce evidence to the contrary in order to establish a prima-facie showing of constitutional infirmity.

Accordingly, the judgment of the court of appeals is reversed and the cause is remanded to the trial court for reinstatement of sentence.

*Judgment reversed and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.