DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant William J. Ocepek appeals the judgment of the Summit County Court of Common Pleas convicting him of driving while under the influence of alcohol, a felony of the fourth degree. We affirm.
Ocepek was indicted for driving under the influence of alcohol ("DUI"), a violation of R.C. 4511.19(A)(1). Because he had been convicted of or pleaded guilty to three prior DUI offenses within the six years preceding this conviction, the offense in this case was elevated from a misdemeanor to a fourth degree felony. See R.C. 4511.99(A)(4). Ocepek raises one error on appeal.
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY DENYING HIS MOTION TO REDUCE THE FELONY CHARGE TO A MISDEMEANOR SINCE TWO OF HIS PREVIOUS THREE DUI CONVICTIONS HAD BEEN UNCOUNSELED AND HE HAD NOT WAIVED HIS RIGHT TO COUNSEL.
Ocepek argues he was represented by counsel for only one of his three prior DUI convictions. He argues that because he was not represented for the other two convictions, those two cannot be used to elevate his DUI conviction in this case. Ocepek did serve terms of incarceration following the two prior convictions in question.
The Ohio Supreme Court has stated, "It is unquestioned that an indigent defendant may not be sentenced to a term of imprisonment unless the state has afforded said defendant the right to assistance of counsel." State v. Brandon (1989), 45 Ohio St.3d 85,86. Where an indigent defendant is not represented by counsel, has not validly waived counsel, and is sentenced to a term of incarceration, "such a conviction may not be used to enhance a sentence in any subsequent conviction." Id. at 87 (emphasis sic).
In two of Ocepek's three prior convictions, he argues he was not represented by counsel, did not validly waive counsel, and was sentenced to a period of incarceration. To support his contention, he provided certified copies of the records from the municipal court in which he was sentenced. Each copy reflects a spot provided for the court to indicate whether Ocepek was represented by counsel, and a spot to indicate whether he waived counsel. In both cases, both blanks were empty. He argues that because these records do not reflect that he was represented or that he waived counsel, they constitute prima facie evidence that he was unrepresented and did not waive counsel. See id.
We disagree that the municipal court records are sufficient to meet Ocepek's burden of proof. First, we have found no evidence in the record that Ocepek was indigent at the time of these convictions and he has not claimed on this appeal that he was. See State v. Francis (May 4, 1994), Summit App. No. 16351, unreported. Second, the evidence Ocepek used to support his argument is inconclusive. The Supreme Court in Brandon indicated that if the defendant had merely testified that he was unrepresented at his prior conviction, such testimony would have constituted prima facie evidence. Brandon, supra at 88. Here, we have nothing so unequivocal. While the municipal court records do not indicate that Ocepek was represented by counsel or that he waived counsel, neither do they indicate that he was not represented or did not waive. "When faced with evidence which does not clearly show that the proceedings of the lower court were somehow deficient, this court must presume the regularity of those proceedings." Francis, supra, citing Brandon, supra at 87.
Brandon dealt with circumstances similar to those with which we are confronted here. The defendant claimed he was incarcerated following two prior, uncounseled convictions. The court held that, absent sufficient prima facie evidence to the contrary, "a reviewing court must presume all underlying proceedings were conducted in accordance with the rules of law." Brandon, supra at syllabus. In that case, the court held that the most reasonable presumption was contrary to the defendant's claims. Id. at 87. It stated:
 As discussed supra, a criminal defendant may not be sentenced to a period of incarceration unless the defendant is represented by counsel or the defendant knowingly waives his right to counsel. Nothing in the record before us indicates any objections were made or appeals taken from appellee's prior convictions. Therefore, we must presume them to be proper. * * * Furthermore, if the presumption of a given set of facts is necessary, we must presume the set of facts that validates, rather than invalidates, the judgment.
Id. (citations and footnote omitted).
As in Brandon, Ocepek has provided no evidence that his prior, allegedly uncounseled convictions were objected to or appealed. Since the only evidence regarding Ocepek's representation status at those hearings is inconclusive, we must presume he was represented or knowingly waived representation because this presumption validates the judgment. Necessarily presuming, then, that Ocepek was represented by counsel or knowingly waived counsel for all three of his prior DUI convictions, the lower court did not err in using them as the basis for elevating the crime in this case. Ocepek's assignment of error is not well taken.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ DANIEL B. QUILLIN
FOR THE COURT
BAIRD, J.
DICKINSON, J. CONCUR.