OPINION
Defendant, Steven Cox, appeals from his conviction and sentence for operating a motor vehicle under the influence of alcohol.
In the early morning hours of June 8, 1998, Bellbrook police officer David Chapman was seated in a police cruiser that was parked just outside the Bellbrook city limits, near 7440 Wilmington-Dayton Road. Officer Chapman observed a vehicle driven by Defendant, Steven Cox, proceed northbound on Wilmington-Dayton Road, into Bellbrook.
Officer Chapman followed Defendant's vehicle into Bellbrook and observed Defendant drive left of the center line. Officer Chapman followed Defendant for another seven tenths of a mile to an Amoco station at the corner of Wilmington Pike and S.R. 725, which is also within BellBrook city limits.
Officer Chapman observed Defendant's behavior while he purchased cigarettes at the station. When Officer Chapman walked past Defendant, he smelled an odor of alcohol. Officer Chapman noticed that Defendant's speech was slurred, that he took exaggerated steps and stumbled when he walked, and that the store clerk reminded Defendant to take his change when Defendant started to walk away from the counter. As Defendant got back into his vehicle, he used the vehicle to support himself. When Defendant pulled out onto S.R.725, Officer Chapman noticed that Defendant's license plate light had burned out.
Officer Chapman suspected that Defendant was under the influence of alcohol. He had decided to stop Defendant, but elected not to do so at the service station because of traffic safety concerns. When Defendant pulled out of the Amoco station onto S.R.725, Officer Chapman fell in behind him and immediately activated his emergency lights to initiate a traffic stop. Defendant's vehicle came to a stop less than one thousand yards from the service station. It was then outside the Bellbrook city limits, but in an area of Sugarcreek Township immediately adjacent or contiguous to the Bellbrook city limits., Defendant was charged in Xenia Municipal Court with operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19, a license plate light violation in violation of Section 438.04 of the Bellbrook Ordinances, and driving left of center in violation of Section 432.05 of the Bellbrook Ordinances. Defendant subsequently filed a motion to dismiss the charges because Officer Chapman was outside his territorial jurisdiction when he stopped and arrested him.
Following a hearing, the trial court overruled Defendant's motion to dismiss. Subsequently, Defendant entered a no contest plea to the OMVI charge in exchange for a dismissal of the other two charges. The trial court found Defendant guilty, and sentenced him to sixty days in jail with fifty days suspended, a seven hundred fifty dollar fine, and a one year driver's license suspension.
From his conviction and sentence, Defendant has timely appealed to this court.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRONEOUSLY CONSIDERED APPELLANT'S PREVIOUS UNCOUNSELED CONVICTIONS TO ENHANCE HIS PENALTY FOR THE CONVICTION HEREIN.
At the commencement of the plea proceedings in this case, the following colloquy took place between defense counsel and the trial court:
 MR. LOPEZ: Actually Mr. Haller and I have a question of the Court.
THE COURT: Oh, all right. Ask away.
 MR. LOPEZ: Mr. Cox has a prior conviction in 1996. At that time, he was both unrepresented and uncounseled, and I need to inquire of the Court its position on whether the Court would use that uncounseled and unrepresented conviction for purpose of enhancement of this conviction.
 THE COURT: Okay. Well, as counsel knows, this Court can give the Defendant six months in jail, a thousand dollar fine, a license suspension, and all of those three things are the same possibility whether he's been convicted once or whether he's been convicted twice. So I will tell you that it would be less than six months in jail, a thousand dollar fine, and he will get a license suspension —
MR. LOPEZ: Okay.
 THE COURT: — if he's convicted of a first or second offense.
MR. LOPEZ: All right.
 THE COURT: My basic position on a prior unrepresented by Counsel — and I did research this several years back and found only unreported decisions giving guidance; one going one way, the other going the other way.
 My basic thing is I don't get to choose whether he gets Counsel or not. He makes that choice. I hardly think he should be — that prior conviction should not count in terms of any consideration on my part because he chose not to get counsel. Like I said, I think that encourages people to play tricks with the facts, and I don't like that, although sometimes, as a matter of the practice of law — I'm not saying you are playing tricks with the facts, but you do what you have to do to represent your client, and do you a fine job of it. I don't mean to suggest anything by that comment, but, you know, the reality is he has a prior DUI conviction for which he had every right to contact Counsel on. Apparently, he chose not to, and I'm not going to reward him for not getting Counsel on it.
 If it's a conviction, I'm going to consider it as a prior offense in terms of what I normally do.
 MR. LOPEZ: In which case, we enter a plea of no contest.
THE COURT: Okay. (Emphasis supplied.)
(T. 2-4).
The ten day sentence that the court imposed is the minimum sentence for a second OMVI conviction within six years. R.C.4511.99(A)(2). The minimum sentence for a first conviction is three days. R.C. 4511.99(A)(2). In either instance, the court may impose a greater sentence pursuant to R.C. 2929.21. Because OMVI is a misdemeanor of the first degree in either instance, division (B)(1) of that section permits the court to impose a sentence of up to six months.
An indigent defendant may not be sentenced to a term of incarceration unless the state has afforded that defendant his right to the assistance of counsel. Scott v. Illinois (1979),440 U.S. 367. Therefore, prior uncounseled misdemeanor convictions cannot ordinarily be used collaterally to enhance a sentence imposed for a subsequent offense. Baldasar v. Illinois (1980),446 U.S. 222. However, a defect in that regard does not exist unless, in the subsequent proceeding, the defendant lodges an objection to the use of the prior conviction and makes a primafacie showing that it was uncounseled. State v. Adams (1988),37 Ohio St.3d 295. Otherwise, the prior proceeding must be presumed to have been constitutionally correct. State v. Brandon (1989),45 Ohio St.3d 85.
In view of the particular sentence that it imposed, and the pronouncement of its intent to do so, we must find that the trial court did consider the Defendant's prior OMVI conviction when it sentenced him to ten days incarceration. However, the record demonstrates no constitutional violation in that regard. Counsel raised only a "question" concerning the matter, which was held insufficient in State v. Brandon, supra, to trigger the need for an inquiry. An objection is required. Upon learning of the court's intention, the Defendant failed to object. Indeed, he appears to have acquiesced in the court's plan. Further, Defendant offered no proof to support his assertion. On this record, the presumption that his prior conviction was constitutionally correct remains undisturbed. Therefore, we cannot find that the trial court erred when it considered Defendant's prior conviction in imposing its sentence in this case.
The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRONEOUSLY FAILED TO DETERMINE THAT THE POLICE OFFICER WAS WITHOUT JURISDICTION TO INITIATE THE STOP OF APPELLANT'S VEHICLE WHICH WAS OUTSIDE HIS TERRITORIAL JURISDICTION.
The warrantless arrest powers of a police officer are set forth in R.C. 2935.03, which provides in pertinent part:
 (A)(1) A * * * municipal police officer * * * shall arrest and detain, until a warrant can be obtained, a person found violating, within the limits of the political subdivision * * * in which the peace officer is appointed, [or] employed, * * * a law of this state, [or] an ordinance of a municipal corporation * * *.
* * *
 (D) If a * * * municipal police officer * * * is authorized by division (A) or (B) of this section to arrest and detain, within the limits of the political subdivision * * * in which the officer is appointed, [or] employed * * * a person until a warrant can be obtained, the peace officer, outside the limits of that territory, may pursue, arrest, and detain that person until a warrant can be obtained if all of the following apply:
 (1) The pursuit takes place without unreasonable delay after the offense is committed;
 (2) The pursuit is initiated within the limits of the political subdivision * * * in which the peace officer is appointed, [or] employed * * *;
 (3) The offense involved is a * * * misdemeanor of the first degree or a substantially equivalent municipal ordinance * * *.
 (E) In addition to the authority granted under division (A) or (B) of this section:
* * *
 (3) A police officer * * * employed by a municipal corporation may arrest and detain, until a warrant can be obtained, any person found violating any section or chapter of the Revised Code listed in division (E)(1) of this section on the portion of any street or highway that is located immediately adjacent to the boundaries of the municipal corporation in which the police officer * * * is * * * employed.
In State v. Coppock (1995), 103 Ohio App.3d 405, we held that a police officer may effect a warrantless arrest outside the territorial limits of the officer's jurisdiction pursuant to R.C.2935.03 if certain prerequisites are satisfied. Although R.C.2935.03(D) and (E)(3) expands an officer's jurisdiction beyond the geographic boundaries of a municipality, the jurisdictional overlap authorized by the statute is effective only in those areas where the jurisdictions are contiguous, that is, touch along their boundaries. Id., at 410-411.
 Therefore, construing the statute and the case law, to have executed a proper arrest in this case, Officer Hunsaker must have (1) observed a misdemeanor violation which occurred within the confines of his jurisdiction or on that portion of Route 741 contiguous to the Miamisburg city limits; and (2) initiated pursuant from within his jurisdiction or where the adjoining jurisdictions are contiguous.
Id., at 411.
The trial court found, and we agree, that Officer Chapman had acquired a reasonable and articulable suspicion that Defendant was under the influence of alcohol on the basis of his observations of Defendant at the Amoco station. That location, and the roadway on which the officer had seen Defendant drive minutes before, is in the City of Bellbrook. Therefore, the officer had a legal basis to stop Defendant in his jurisdiction. He stopped him approximately one thousand yards outside his jurisdiction, after the Defendant drove away. The point of stop was reasonably contiguous to the Bellbrook city limits. Therefore, the extraterritorial stop was warranted by R.C. 2935.03. Coppock, supra.
The second assignment of error is overruled.
Having overruled both assignments of error, the judgment of the trial court will be affirmed.
FAIN, J. and YOUNG, J., concur.
Copies mailed to:
Stephen K. Haller, Esq.
Jose M. Lopez, Esq.
Hon. Susan L. Goldie