OPINION
This appeal arises out of Appellant Richard Santini's conviction following a no-contest plea in Struthers Municipal Court for a violation of R.C. § 4511.19(A)(1), operating a motor vehicle under the influence of alcohol (D.U.I.). Appellant argues that there was no probable cause to arrest him and that his right to a speedy trial was denied. For the following reasons, we affirm the conviction.
On October 5, 1997 at 1:18 a.m. Officer Rick Hanley of the Poland Township Police Department observed Appellant driving erratically on State Rt. 224 in Poland, Ohio. Officer Hanley stopped the vehicle and noticed a strong odor of alcohol coming from Appellant. Officer Hanley arrested Appellant and transported him to the Struthers Police Department for a breathalyzer test which indicated that Appellant had .178 grams of alcohol per 210 liters of breath. Appellant was charged with violating R.C. §4511.19(A)(1)(3) and his license was confiscated.
On October 8, 1997, Appellant appeared in Struthers Municipal Court and pled not guilty to the charges against him. Appellant did not waive his speedy trial rights at this time. On October 9, 1997, Appellant filed a motion to suppress evidence. The motion alleged that all the state's evidence should be suppressed because the arresting officer did not have probable cause to make the arrest. A hearing on the motion was scheduled for October 29, 1997.
A notation on the trial court's docket states that Appellant's counsel showed up late for the motion hearing and the court treated this tardiness as a motion for a continuance of the hearing. The hearing on the motion to suppress was eventually held on May 6, 1998. At the hearing, Acting Judge Stuart Banks overruled Appellant's motion to suppress and Appellant entered a plea of no contest.
The Judgment Entry of Appellant's conviction included as part of the record is nothing more than a collection of indecipherable notations jotted on the back of a one-page court docket. From what this Court can ascertain, on May 6, 1996, Appellant was found guilty of the D.U.I. charge and sentenced to 180 days in jail, with 177 days suspended and the option to attend a drug education and alcohol prevention (D.E.A.P.) program. Appellant was also fined $250.00 and given one year of probation.
The trial court docket notes that Appellant filed this appeal of his conviction on May 11, 1996, although the Notice of Appeal itself has no file-stamp on it indicating the date. Appellant also filed his request for a transcript of proceedings, but directed the trial court to send the transcript to the Court of Appeals for Trumbull County, part of the Eleventh Appellate District. Appellant did not file a transcript of the May 6, 1996 proceedings with this Court.
Appellant could and should have filed a Statement of the Evidence under App.R. 9(C) or an Agreed Statement of the Record under App.R. 9(D) with this Court if the transcript was not available. Neither of these options was pursued. Appellant's counsel did file a document labelled "Statement of Proceedings" which was essentially counsel's own affidavit giving his interpretation of the proceedings of the case. Although the document was file-stamped on July 10, 1998 and is included in the file on appeal, it does not constitute part of the record as defined by App.R. 9. It should also be noted that Appellant's "Statement of Proceedings" was not served on Appellee.
Appellant's first assignment of error alleges:
 "FIRST ASSIGNMENT OF ERROR: THE INITIAL STOP OF DEFENDANT'S VEHICLE WAS ILLEGAL BECAUSE THE OFFICER DID NOT HAVE A REASONABLE SUSPICION THAT DEFENDANT HAD VIOLATED ANY TRAFFIC LAWS AND ANY STATE EVIDENCE ARISING THEREFROM SHOULD BE SUPPRESSED."
Appellant argues that for an investigative stop to be constitutionally valid, a police officer must have reasonable suspicion based on specific and articulable facts that the stop was justified. Terry v. Ohio (1968), 392 U.A. 1, 2188 S.Ct. 1868, 20 L.Ed.2d 889; State v. Zampini (1992), 79 Ohio App.3d 608,610. Appellant maintains that his erratic driving did not constitute a constitutionally valid reason for Officer Hanley making the investigative stop which led to Appellant's arrest. Appellant contends that all evidence based on that investigative stop should have been suppressed.
Crim.R. 12(B)(3) requires that a motion to suppress evidence be made before trial. Appellant filed a pretrial motion to suppress but has failed to provide this Court with a transcript of the hearing on the motion held on May 6, 1998. Absent a transcript of proceedings, this Court must presume that the proceedings before the trial court were proper. State v. Brandon (1989), 45 Ohio St.3d 85,87. The Brandon court held that: ". . . if the presumption of a given set of facts is necessary, we must presume the set of facts that validates, rather than invalidates, the judgment." Id. In Kollar v. Canfield Automotive Repair Service
(December 17, 1992), Mahoning App. No 91 C.A. 82, unreported, this Court held: "[a] presumption of validity attends the trial court's action" and "in the absence of an adequate record, which is the appellant's responsibility, see App.R. 9 * * *, we are unable to evaluate the merits of the assignments of error and must affirm the trial court's decision," quoting Volodkevich v.Volodkevich (1989), 48 Ohio App.3d 313, 314.
The trial court overruled Appellant's motion to suppress and as we have no transcript of the motion hearing we must presume that evidence was presented at the hearing to justify the decision of the trial court. Appellant's first assignment of error is without merit.
Appellant's second assignment of error asserts:
 "SECOND ASSIGNMENT OF ERROR: THE TRIAL COURT ERRED IN FAILING TO GRANT DEFENDANT'S MOTION TO DISMISS FOR LACK OF A SPEEDY TRIAL SINCE DEFENDANT NEVER WAIVED THIS CONSTITUTIONAL RIGHT AND THE TRIAL DID NOT COMMENCE UNTIL 5/11/98 OR 8 MONTHS AFTER HE WAS CHARGED."
Appellant asserts in his appellate brief that on May 6, 1998 he moved to dismiss the charges against him due to lack of a speedy trial. Appellant contends that the trial court denied his motion, after which Appellant pled no contest and was found guilty. Again, Appellant has not provided this Court with a transcript of the May 6, 1998 hearing. The Judgment Entry of the trial court notes that Appellant's counsel continued the suppression hearing from its originally scheduled date of October 29, 1997 until May 6, 1998. Because we have no transcript of the May 6, 1998 proceeding we must presume the trial court's decision to attribute the delay to Appellant to be correct.
Appellant was charged as a first time offender of R.C. §4511.19(A)(1), a misdemeanor of the first degree. A person charged with a first degree misdemeanor must be brought to trial within 90 days after arrest or service of summons. R.C. §2945.71(B)(2). Appellant was arrested on October 5, 1997. On October 9, 1997 he filed a motion to suppress evidence. Appellant's counsel failed to arrive on time to the motion hearing scheduled on October 29, 1997. R.C. § 2945.72(E) allows for an extension of time within which an accused must be brought to trial due to delay attributable to a, "motion, proceeding, or action made or instituted by the accused." On May 6, 1998 the trial court stated that Appellant's failure to attend the October 29, 1997 hearing would be treated as a motion for continuance. Because there is no transcript of the May 6, 1998 hearing, we must presume that the trial court was justified in attributing the delay in coming to trial to Appellant's request for a continuance. Therefore, we must also presume Appellant was brought to trial within the statutory prescribed time limits. Appellant's second assignment of error is without merit.
For the foregoing reasons, Appellant's assignments of error are overruled and we hereby affirm the judgment of the trial court.
Cox, P.J., concurs.
Donofrio, J., concurs.
APPROVED:
 _______________________________ CHERYL L. WAITE, JUDGE