OPINION
This timely appeal arises from a decision of the Mahoning County Court of Common Pleas terminating the child support obligation of Terry Foster ("Appellant"), and finding him in arrears of child support payments in the amount of $21,714.00. For the following reasons, the order of the trial court is affirmed.
The parties were granted a divorce on October 25, 1983. The court named Jolie Foster ("Appellee") residential parent of their minor child. The court also ordered Appellant to pay support payments of $150 per month effective November 1, 1983. (10/25/1983 Judgment Entry, 2).
The minor child reached her eighteenth birthday on April 28, 1998, and graduated from Boardman High School on June 19, 1998. On October 8, 1999, the Mahoning County Child Support Enforcement Agency ("CSEA") filed a Notice for Termination of Support Obligation with the court. The notice also stated that a hearing would be held to determine the amount of any arrearage or overpayment of child support. Appellant was mailed a copy of the notice on October 7, 1999. CSEA recommended that the support order should be terminated retroactively from June 19, 1998. CSEA conducted an audit of Appellant's child support obligation and determined that Appellant owed $21,714.00 in unpaid child support payments to Appellee. The CSEA amount took into account an agreement made between the parties in 1986 to waive past due child support payments of approximately $5,400.00. (12/22/1986 Order to Waive Support Arrearage; 1/10/2000 Tr. p. 3).
A hearing on the motion to terminate child support was held before a magistrate on January 10, 2000. Neither party retained counsel for this hearing.
The magistrate's report of the hearing found that the minor child became emancipated upon her graduation from high school. The report also determined that Appellant owed $21,714.00 in delinquent child support obligations. (2/18/2000 Magistrate's Decision). Appellant timely filed a written objection to the magistrate's order, pursuant to Civ.R. 53. (3/3/2000 Objection to Magistrate's Decision). The Mahoning County Court of Common Pleas, Division of Domestic Relations, adopted the magistrate's report on March 6, 2000, apparently unaware of the objection which had been filed. Nevertheless, a hearing on the objection was held on April 12, 2001. The hearing was attended by Appellant and his counsel, as well as counsel for the CSEA.
On April 14, 2000, the trial court overruled the objection and again adopted the magistrate's decision. This timely appeal followed.
Appellant's sole assignment of error asserts:
 "THE MAGISTRATE ERRED IN NOT ALLOWING APPELLANT TO PRESENT EVIDENCE OF IN-KIND PAYMENTS TO ESTABLISH CREDITS AND MODIFICATION OF SUPPORT ARREARAGES IN CONNECTION WITH TOTAL ARREARAGES DUE."
At the outset, we must note that Appellee has filed no brief in this matter.
Appellant argues that the magistrate committed reversible error by not admitting testimony or other evidence regarding in-kind payments of support of the minor child for the time Appellee lived with him in Florida. Appellant argues that the minor child lived with him for all but three years of the time for which the support order was issued. Appellant contends that his support during this period, although not in the form of a monthly check, was an in-kind payment allowed by Ohio law pursuant to R.C. § 3113.215(B)(3). Appellant argues that this amount should be deducted from his arrearage.
Appellant states that he paid for all living expenses while Appellee and the minor child cohabitated with him in Florida until 1990. Appellant also asserts that he paid the minor child's private school tuition during this period. Appellant did not at any proceeding provide the lower tribunals with evidence of the alleged amount of the in-kind payments.
Appellant cites Wornstaff v. Wornstaff (April 23, 1992), Union App. No. 14-91-42, unreported, to support his argument that expenses paid while a minor child is living with a non-custodial parent is eligible for credit as an in-kind payment against arrearages. Appellant states that he would have brought evidence showing such payments to the January 10, 2000, magistrate's hearing, but believed that he had a verbal agreement with Appellee that she was not going to seek any payment of past-due child support. Appellant states that, because of Appellee's representation, he did not bring evidence of his in-kind payments to the magistrate's hearing, nor did he believe it necessary to retain counsel.
Appellant's argument is unpersuasive and is not supported by the record.
The record reflects that Appellant did not request or attempt to offer any evidence at the magistrate's hearing. (1/10/2000 Magistrate's Hearing Tr. p. 9). The CSEA notice of termination of support informed Appellant that part of the purpose of the hearing would be to determine arrearage. Appellant offers the following statements as proof that he asked the magistrate to allow him to introduce his records and documentation, as follows:
 "MR. FOSTER: I would not have written to this at my house. I didn't bring any money; I didn't figure I'd need it, because her mother told me that she wasn't even coming when I talked to her last Saturday."
(1/10/2000 Magistrate's Hearing Tr., 5).
"MAGISTRATE LONGENHAGEN; Okay. Okay, any questions?
 "MR. FOSTER: Yeah, I just want to know why she's lying about this where she lived in '89.
"MRS. FOSTER: No, ma'am, no questions.
 "MR. FOSTER: I will send checks, copies of checks that she wrote when she lived on Thomas Street to you, in 1989, and when she wrote checks to my daughter to go to Tampa Christian Academy in 1989 when I was supporting her."
(1/10/2000 Magistrate's Hearing Tr., 9).
Neither of these statements provide any support for Appellant's argument that he was asking to introduce evidence at the magistrate's hearing. Appellant's "testimony" to the magistrate is merely his statement that he would send evidence in the future, not an attempt to introduce evidence at that hearing. Furthermore, there is absolutely no indication that Appellant ever provided any additional evidence.
Appellant's assertion that the magistrate should have continued the hearing until he could return to Florida and send the evidence back is incorrect. First, Appellant did not request any continuance. Second, Appellant had the opportunity to present additional evidence before the trial court at the April 12, 2000, hearing on his objections. The record does not contain a transcript of that hearing, so it is impossible to determine if Appellant introduced any evidence at that time.
Civ.R. 53(E)(4)(b) states:
 "(b) Disposition of objections. The court shall rule on any objections. The court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter. The court may refuse to consider additional evidence proffered upon objections unless the objecting party demonstrates that with reasonable diligence the party could not have produced that evidence for the magistrate's consideration."
The trial court may have been able to consider Appellant's evidence of in-kind payments, if such evidence existed, at the April 12, 2000, hearing. App.R. 9 requires an appellant to supply this Court with a transcript of any prior proceedings necessary for disposition of the issues on appeal. Appellant did not provide a transcript of the April 12, 2000, hearing. It is probable that the April 12, 2000, transcript would have evidence necessary to resolve this appeal.
Accordingly, absent a transcript of the proceedings, this Court must presume regularity in the proceedings before the trial court. State v.McKinney (Feb. 8, 1991), Mahoning App. No. 89 C.A. 123, unreported, citing State v. Brandon (1989), 45 Ohio St.3d 85, 87. The Brandon court held that, "if the presumption of a given set of facts is necessary, we must presume the set of facts that validates, rather than invalidates, the judgment." Id. In Kollar v. Canfield Auto. Repair Serv. (Dec. 17, 1992), Mahoning App. No. 91 C.A. 82, unreported, this Court held that a, "presumption of validity attends the trial court's action," and, "in the absence of an adequate record, which is the appellant's responsibility * * * we are unable to evaluate the merits of the assignments of error."Id., quoting Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313, 314.
Without a transcript of the April 12, 2000, hearing, we must presume that Appellant failed to meet his burden of proof in attempting to overturn the magistrate's decision.
For the foregoing reasons, we affirm the order of the trial court in full.
Donofrio, J., concurs.
Vukovich, P.J., concurs.