OPINION
{¶ 1} Appellant, the state of Ohio, appeals from the decision of the Lake County Court of Common Pleas granting appellee's, Donald E. Clevenger, "Motion in Limine to Dismiss."
{¶ 2} On April 13, 2001, appellee was indicted on one count of domestic violence, in violation of R.C. 2919.25(A). The charge was enhanced from a misdemeanor of the first degree to a felony of the fifth degree, because appellee had previously been convicted of domestic violence in Painesville Municipal Court, Case No. CRB0000250.
{¶ 3} On June 29, 2001, appellee filed a "Motion in Limine to Dismiss," alleging that his prior conviction for domestic violence was uncounseled, and, therefore, could not be used to enhance a subsequent conviction. On August 17, 2001, appellee moved for an evidentiary hearing. In support of his motion, appellee presented a partial transcript of the March 6, 2000 pre-trial conference in his prior misdemeanor domestic violence case, where appellee pleaded no contest, and signed "Acknowledgment of Rights and Waiver of Counsel." The transcript of the proceeding contains the following colloquy:
 {¶ 4} "THE COURT: Donald Clevenger. Mr. Clevenger, you are here on the charge of domestic violence, misdemeanor of the first degree. You also indicate here you wish to enter a plea of `no contest.' You've had the opportunity to read this —
{¶ 5} "MR. CLEVENGER: Yes.
 {¶ 6} "THE COURT: — piece of paper? It just states the rights that you have, the rights that you're waiving.
{¶ 7} "MR. CLEVENGER: (Inaudible.)
 {¶ 8} "THE COURT: Are there any questions about this, Donald, before we go ahead?
{¶ 9} "Mr. CLEVENGER: No, judge."
{¶ 10} Unaware that appellee had moved for an evidentiary hearing, the court overruled appellee's motion, on August 19, 2001. On August 21, 2001, the scheduled trial date, the court reconsidered the issue and conducted an evidentiary hearing. During the hearing, appellee presented testimony and evidence regarding the proceedings in the previous case. At the conclusion of the hearing, the court granted appellee's motion and dismissed the case, finding that appellee was not advised that an effect of his no contest plea was the possibility of sentence enhancement for future domestic violence offenses.
{¶ 11} From this judgment, the state of Ohio appeals, raising the following assignments of error:
 {¶ 12} "[1.] The trial court erred in granting defendant-appellee's motion in limine to dismiss thereby precluding the state from introducing evidence of defendant's prior convictions for purposes of enhancing a charge of domestic violence from a misdemeanor of the first degree to a felony of the fifth degree.
 {¶ 13} "[2.] The trial court erred in dismissing the state's case in its entirety."
{¶ 14} In the state's first assignment of error, it argues that the trial court erred in granting appellee's "Motion in Limine to Dismiss" because the record contained a signed written waiver of appellee's right to counsel. Appellant argues that appellee's signature on the written waiver form was sufficient to demonstrate a knowing and intelligent waiver of the right to counsel. See State v. Vales (Feb. 24, 2000), 8th Dist. No. 75653, 2000 Ohio App. LEXIS 675, at *3, wherein the court held that a written waiver of counsel is presumed to be proper absent any evidence that it is faulty.
{¶ 15} In Vales, the Eighth District Court of Appeals held that because the appellant, Vales, had not presented any evidence that his waiver was not voluntarily and knowingly made, the court must presume its validity. Id. at *5. The instant case is distinguishable from Vales, because appellee, unlike Vales, presented evidence that his waiver was not voluntarily and intelligently made. It is undisputed that an uncounseled misdemeanor conviction cannot be used to enhance a sentence in a later conviction. Baldasar v. Illinois (1980), 446 U.S. 222; Statev. Brandon (1989), 45 Ohio St.3d 85. An uncounseled conviction "is one where the defendant was not represented by counsel nor made a knowing and intelligent waiver of counsel." State v. Brandon (May 25, 1988), 9th Dist. No. 13380, 1988 Ohio App. LEXIS 2074, at *2, fn. 1, reversed on other grounds (1989), 45 Ohio St.3d 85. Thus, the issue presented in this case is whether appellee's waiver of counsel, made at the time he pleaded no contest, was knowing and intelligent.
{¶ 16} Crim.R. 11(E) governs guilty and no contest pleas in misdemeanor cases involving petty offenses. A petty offense is defined as "a misdemeanor other than a serious offense." Crim R. 2(D). A serious offense "means any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months. Crim.R. 2(C). Pursuant to R.C. 2929.21(B)(1), the term of imprisonment for a misdemeanor of the first degree is "not more than six months." Therefore, a misdemeanor of the first degree is a petty offense. In appellee's first domestic violence case, appellee was charged with a first-degree misdemeanor, for which the sentence is no more than six months; thus, appellee was charged with a misdemeanor involving a petty offense.
{¶ 17} In order to comply with Crim.R. 11(E), before accepting a plea of no contest on a misdemeanor involving a petty offense, the court must fully inform the defendant of the effect of his plea of no contest. Additionally, Crim.R. 44(B), which applies to Crim.R. 11(E), provides that in cases where a defendant, charged with a petty offense, is unable to obtain counsel, no sentence may be imposed upon him, unless after being fully advised by the court that it may assign counsel to represent him, he knowingly, intelligently, and voluntarily waives assignment of counsel. Crim.R. 44.
{¶ 18} We conclude that the March 6, 2000 waiver does not adequately support that appellee was fully advised of his rights in accordance with the Criminal Rules of Procedure or that the waiver was knowingly, voluntarily, or intelligently executed. Appellee testified that his waiver of his right to counsel was faulty. The state failed to produce evidence in the record supporting the validity of appellee's waiver. To the contrary, the March 6, 2000 transcript of the plea hearing is devoid of any indication that the court advised appellee of his right to counsel or that the court could assign counsel to represent him. Further, the state failed to produce any evidence demonstrating that appellee was apprised that a possible effect of his no contest plea was sentence enhancement for future domestic violence offenses.
{¶ 19} Because the evidence shows that appellee did not knowingly, voluntarily, and intelligently waive counsel in the previous domestic violence action, we conclude that the trial court properly refused to use appellee's prior conviction to enhance the domestic violence sentence in this case. Accordingly, appellant's first assignment of error lacks merit.
{¶ 20} In appellant's second assignment of error, the state argues that absent the enhancement, a first-degree misdemeanor domestic violence charge remained, thus, the trial court erred in dismissing the entire case.
{¶ 21} Pursuant to R.C. 2919.25(D), a violation of division (A) of the domestic violence statute is a misdemeanor of the first degree, while a repeat offense is a felony of the fifth degree. Since it appeared that appellant was previously convicted of a domestic violence offense, he was charged with a fifth degree felony.
{¶ 22} However, because jeopardy did not attach, the state may re-indict appellee on the misdemeanor charge of domestic violence. Therefore, we cannot conclude that the trial court erred in dismissing the entire case rather than amending the indictment pursuant to Crim.R. 7(D) and proceeding to trial solely on the misdemeanor domestic violence offense. Appellant's second assignment of error lacks merit.
{¶ 23} Based on the foregoing, the judgment of the Lake County Court of Common Pleas is affirmed.
WILLIAM M. O'NEILL, P.J., DONALD R. FORD, J., concur.