{¶ 45} I readily concur in the majority's analysis and finding Appellant did not knowingly and intelligently waive his right to counsel. I reluctantly concur in the majority's decision to affirm Appellant's conviction and vacate the jail term. I say reluctantly not because of any disagreement with the majority's analysis under the existing case law, but rather, because I believe justice may not be served by doing so.
 {¶ 46} The majority cites the Ohio Supreme Court decision in State v.Brandon (1989), 45 Ohio St.3d 85, in support of its decision. Although I may disagree with the majority's representation of the Court's "holding",[1] [2] I agree therein the Ohio Supreme Court cited with approval the principal of law enunciated by the United States Supreme Court in Scott v. Illinois (1978) 440 U.S. 367.
 {¶ 47} The Ohio Supreme Court in Brandon did not specifically authorize or directly establish that vacation of the jail term was the appropriate remedy. The Brandon Court stated, ". . . even though this type of uncounseled conviction may be constitutionally valid, the [United States] Supreme Court has specifically stated that such a conviction may not be used to enhance a sentence in any subsequent conviction (Citation omitted, emphasis added). Brandon at 503.[3] *Page 11 
 {¶ 48} Because Brandon's dicta is based upon the United Supreme Court's decision in Scott v. Illinois, review of that case is appropriate. In Scott, an unrepresented indigent criminal defendant was convicted of shoplifting and fined $50 after a bench trial. One year in jail was a possible penalty under Illinois law. In a 5-4 decision, theScott Court held, "We therefore hold that the Sixth andFourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense." Id. at 373-374. Because Scott had not been sentenced to jail, the United States Supreme Court affirmed his conviction.
 {¶ 49} Scott differs from the case sub judice in that Scott did not need to order vacation of a jail sentence. However, I believe this is a distinction without a difference. The bottom line is the Scott Court upheld the conviction even though the defendant had been denied his right to counsel.
 {¶ 50} The dissenting Justices in Scott based their opinion on the fact the Sixth Amendment provides the right to counsel "in all criminal prosecutions." The dissent, authored by Justice Brennan, states, "The Court, in an opinion that at best ignores the basic principals of prior decisions, affirms Scott's conviction without counsel because he was sentenced only to pay a fine. In my view, the plain wording of theSixth Amendment and the Court's precedents compel the conclusion thatScott's uncounseled conviction violated the Sixth andFourteenth Amendments and should be *Page 12 
reversed." Id. at 375-376. In a footnote, Justice Brennan cited the following language from Powell v. Alabama, (1932) 287 US 45, 68-69, FN3: "The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence. If that be true of men of intelligence, how much more true is it of the ignorant and illiterate, or those of feeble intellect." Scott, supra, at 378.
 {¶ 51} It seems to me the same is true regardless of whether the defendant is or is not ultimately sentenced to jail. If a defendant is entitled to counsel at all critical stages of the proceedings, what stage is more critical than trial?
 {¶ 52} I further question whether vacating the jail term, in order to preserve the constitutional validity of the conviction, serves the best interests of the State or adequately protects the public. If the sentencing judge determines a jail sentence is warranted or a suspended jail sentence hanging over a defendant's head is necessary to punish and/or deter future criminal conduct by the defendant, should not the State be *Page 13 
given the right to retry the case and seek imposition of a jail sentence.[4] Are the victim's rights and justice better served by vacating the jail term?
 {¶ 53} It is my general understanding the United States Supreme Court had declared States are free to give criminal defendants broader protections under their own constitutional provisions and statutes than those afforded by the United States Constitution. I urge the Ohio Supreme Court to revisit the Brandon decision and consider giving broader protection to criminal defendants who have been denied their right to counsel than the protection which is now recognized by the United State's Supreme Court. But as for now, I reluctantly concur.
[1] Majority Opinion at ¶ 41.
[2] Brandon dealt with the issue of the sufficiency of evidence of uncounseled convictions for purposes of enhancement of penalty. The Ohio Supreme Court's reference to the validity of uncounseled misdemeanor convictions when the offender is not actually incarcerated was dicta in the case. Id. at 503.
[3] I recognize the Brandon case has been cited by several appellate courts for the proposition uncounseled misdemeanor convictionsare constitutionally valid if the offender is not actually incarcerated.State v. Boughman, 1999 Ohio App. Lexis 6116; State v. McCrory,2006-Ohio-6348; and State v. Mogul, 2006-Ohio-1873. These cases convert the "may be" constitutionally valid language of Brandon into an affirmative "are" constitutionally valid.
[4] The State suggests vacation of the jail term as an alternative remedy in this particular case. Appellee's Brief at p. 13,14. *Page 1