[Cite as *State v. Troyer*, 2016-Ohio-3090.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| MICHAEL A. TROYER | : | Case No. 15CA018 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case Nos. 15CR006 & 15CR061


JUDGMENT:      Affirmed/Reversed in Part & Remanded


DATE OF JUDGMENT:      May 19, 2016


APPEARANCES:

For Plaintiff-Appellee          For Defendant-Appellant

SEAN M. WARNER          LUKE T. BREWER
164 East Jackson Street          88 South Monroe Street
Millersburg, OH 44654          Millersburg, OH 44654

*Farmer, P.J.*

{¶1}   On January 12, 2015, the Holmes County Grand Jury indicted appellant, Michael Troyer, on one count of domestic violence in violation of R.C. 2919.25 (Case No. 15-CR-006).   Said charge arose from an incident that occurred on or about January 1, 2015.  Although the charge was a first degree misdemeanor, it was enhanced to a felony in the **fourth** degree due to the fact that appellant had been convicted of a previous crime of violence against a family or household member, Case No. 2011-CRB-301, on August 17, 2011.

{¶2}   On May 18 and 21, 2015, appellant filed motions to strike the prior conviction, claiming it could not be used to enhance the charge and sentence in the 2015 case because the prior conviction was uncounseled.  By judgment entry filed June 25, 2015, the trial court denied the motions.

{¶3}   On July 20, 2015, appellant was again indicted on the same count of domestic violence in violation of R.C. 2919.25 (Case No. 15-CR-061).  However, the charge was enhanced to a felony in the **third** degree due to the fact that appellant had been convicted of previous crimes of violence against a family or household member, Case No. 2011-CRB-301, on August 17, 2011, and Case No. 12-CRB-378, on September 4, 2012.

{¶4}   On July 22, 2015, the two indictments were joined.

{¶5}   On July 27, 2015, appellant filed a motion to strike the prior convictions, claiming they could not be used to enhance the charge and sentence in the 2015 case because the prior convictions were uncounseled.  By judgment entry filed August 17, 2015, the trial court denied the motion.

{¶6}   A jury trial commenced on August 25, 2015.  The jury found appellant guilty as charged, along with the enhancements.  By judgment entry filed September 22, 2015, the trial court sentenced appellant on a felony in the **third** degree, ordering him to serve twenty-four months in prison, six months mandatory.

{¶7}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶8}   "THE TRIAL COURT ERRED WHEN IT ALLOWED DEFENDANT-APPELLANT'S PREVIOUS UNCOUNSELED CONVICTION TO ENHANCE DEFENDANT-APPELLANT'S CHARGES AND SENTENCE."

II

{¶9}   "IF THIS COURT FINDS THAT THE ISSUE OF STRIKING THE UNCOUNSELED CONVICTIONS WAS NOT PROPERLY PRESERVED AT TRIAL, THEN DEFENDANT-APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO PROPERLY PRESERVE THE ISSUE FOR APPEAL."

III

{¶10}  "THE TRIAL COURT ERRED BY RULING THAT DEFENDANT-APPELLANT'S SENTENCE CONTAINED A MANDATORY SIX MONTHS PRISON SENTENCE."

I

{¶11}  Appellant claims the trial court erred in finding his two previous uncounseled pleas were sufficient to enhance his 2015 domestic violence charge to a felony in the **third** degree, as his waivers of counsel therein were invalid.  We agree in part.

{¶12} In *State v. Brooke,* 113 Ohio St.3d 199, 2007-Ohio-1533, syllabus, the Supreme Court of Ohio held the following:

1. For purposes of penalty enhancement in later convictions under R.C. 4511.19, when the defendant presents a prima facie showing that prior convictions were unconstitutional because they were uncounseled and resulted in confinement, the burden shifts to the state to prove that the right to counsel was properly waived.

2. Waiver of counsel must be made on the record in open court, and in cases involving serious offenses where the penalty includes confinement for more than six months, the waiver must also be in writing and filed with the court. (Crim.R.44(C), applied.)

{¶13} The Supreme Court of Ohio later clarified its *Brooke* decision in *State v. Thompson,* 121 Ohio St.3d 250, 2009-Ohio-314, ¶ 6, as follows:

Even though nothing in the body of *Brooke* can be construed as suggesting that "a prima facie showing that prior convictions were unconstitutional" can be established merely by stating that the defendant had not been represented in the prior convictions and that the convictions had resulted in confinement, that is the interpretation that Thompson has taken. This case highlights the "limitations in the English language with respect to being both specific and manageably brief." *United States Civ.*

*Serv. Comm. v. Natl. Assn. of Letter Carriers AFL–CIO* (1973), 413 U.S. 548, 578–579, 93 S.Ct. 2880, 37 L.Ed.2d 796.  Our use of the word "uncounseled" in *Brooke* encompassed the combined definition, not the first alone.  Thus, a defendant cannot establish a prima facie showing as to "uncounseled" merely by establishing that he or she had been convicted without representation.  For one thing, it is beyond dispute that a person has a constitutional right to represent himself or herself; therefore, it is not possible to establish a constitutional infirmity merely by showing that a person did not have counsel.  See Section 10, Article I, Ohio Constitution; *State v. Gibson* (1976), 45 Ohio St.2d 366, 74 O.O.2d 525, 345 N.E.2d 399, paragraph one of the syllabus.  Furthermore, in *State v. Brandon* (1989), 45 Ohio St.3d 85, 543 N.E.2d 501, syllabus, we stated, "Where questions arise concerning a prior conviction, a reviewing court must presume all underlying proceedings were conducted in accordance with the rules of law and a defendant must introduce evidence to the contrary in order to establish a prima-facie showing of constitutional infirmity."  With respect to "uncounseled" pleas, we presume that the trial court in the prior convictions proceeded constitutionally until a defendant introduces evidence to the contrary.  Thus, we conclude that for purposes of penalty enhancement in later convictions under R.C. 4511.19, after the defendant presents a prima facie showing that the prior convictions were unconstitutional because the defendant had not been represented by counsel and had not validly waived the right to counsel and that the prior convictions had resulted in

confinement, the burden shifts to the state to prove that the right to counsel was properly waived.

{¶14} In *Von Moltke v. Gillies,* 332 U.S. 708, 723-724, 68 S.Ct.316 (1948), the Supreme Court of Ohio explained the following:

We have said: 'The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused—whose life or liberty is at stake—is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused.'***To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel,***a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made

only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered. (Footnotes omitted.)

{¶15} Appellant challenges the plea colloquy in his two previous uncounseled misdemeanor convictions.

{¶16} On June 29, 2011, appellant was arraigned on one count of domestic violence, a misdemeanor in the first degree (Case No. 11-CRB-301). The transcript of the arraignment and entry of plea establish appellant was informed of his right to an attorney and/or a court appointed attorney. June 29, 2011 T. at 3. Appellant was informed of the possibility of future enhancement should he "be charged with Domestic Violence years from now." *Id.* at 7. Appellant requested court appointed counsel and the trial court gave him the opportunity to fill out the financial forms. *Id.* After a recess, appellant decided to plead no contest and waived his right to counsel. *Id.* at 10. In its June 25, 2015 judgment entry denying appellant's motion to strike, the trial court cited the following language from appellant's waiver of counsel form (Exhibit A): " 'Having been informed in open court by Judge Irving of the effect of a plea of guilty, no contest and not guilty and my right to be represented by a retained or appointed attorney, I knowingly and voluntarily waive my right to be represented by an attorney and enter a plea of no contest.' "

{¶17} We find the 2011 process, plea colloquy, and waiver of counsel to be sufficient to establish a knowingly and voluntarily waiver of counsel for purposes of enhancement of the 2015 domestic violence charge.

{¶18} On September 4, 2012, appellant was arraigned on one count of assault, a misdemeanor in the first degree (Case No. 12-CRB-378). As in the 2011 case, the transcript of the arraignment and entry of plea establish appellant was informed of his right to an attorney and/or a court appointed attorney. September 4, 2012 T. at 2. Immediately thereafter, the trial court called appellant's case and again explained his right to an attorney. *Id.* at 3. Appellant indicated he did not want to speak with an attorney, signed a waiver of counsel, and pled no contest. *Id.* at 3-4. During the recitation of the facts, it was clear that the victim of the assault was a family member. *Id.* at 4. However, appellant was not charged with domestic violence and was not informed of the possibility of enhancement in the event of future charges for domestic violence.

{¶19} We find the plea colloquy was insufficient to establish the constitutionality of appellant's uncounseled plea for purposes of enhancement of the 2015 domestic violence charge.

{¶20} Upon review, we find the trial court erred in permitting the September 4, 2012 assault conviction to enhance appellant's 2015 domestic violence charge.

{¶21} Assignment of Error I is granted in part as to the September 4, 2012 assault conviction. The matter is remanded to the trial court for resentencing on the domestic violence conviction as a felony in the **fourth** degree under R.C. 2929.14(A)(4).

II

{¶22} Appellant claims his trial counsel was ineffective for not preserving the issue of his previous uncounseled pleas for appeal. We disagree.

{¶23} The standard this issue must be measured against is set out in *State v. Bradley,* 42 Ohio St.3d 136 (1989), paragraphs two and three of the syllabus. Appellant must establish the following:

2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.

{¶24} After the first indictment, defense counsel filed two motions to strike the 2011 prior conviction, one on May 18, 2015, and a second on May 21, 2015. By judgment entry filed June 25, 2015, the trial court denied the motions.

{¶25} Thereafter, the second indictment on the same charge was filed containing the 2011 and 2012 prior convictions. During arraignment, defense counsel raised the issue of the previous uncounseled pleas. July 22, 2015 T. at 2-3. On July 27, 2015, defense counsel filed a motion to strike the prior convictions. By judgment entry filed August 17, 2015, the trial court denied the motion. During the sentencing hearing,

defense counsel referenced the issue of the previous uncounseled pleas.  September 22, 2015 T. at 2.

{¶26}  Upon review, we find the record adequately preserved the enhancement issue for appeal.  We find do not find any deficiency by defense counsel.

{¶27}  Assignment of Error II is denied.

III

{¶28}  Appellant claims the trial court erred in determining there was a mandatory six months sentence.  Based upon our decision and remand for resentencing in Assignment of Error I, we find this assignment to be moot.

{¶29} The judgment of the Court of Common Pleas of Holmes County, Ohio is hereby affirmed in part and reversed in part, and the matter is remanded to said court for further proceedings consistent with this opinion.

By Farmer, P.J.

Gwin, J. and

Wise, J. concur.


SGF/sg 504