OPINION
{¶ 1} Appellant Michael Lamb was arrested on November 16, 2001, by the Jackson Township Police. He was charged with driving under the influence, driving under suspension, and driving without a tail light. After a preliminary hearing in the Massillon Municipal Court, appellant was bound over to the Stark County Grand Jury. The Grand Jury indicted appellant with one count of driving under the influence, as a fourth degree felony, as appellant had previously been convicted of three or more driving under the influence offenses as defined by R.C. 4511.19. The indictment specified that appellant was convicted of driving under the influence in Massillon Municipal Court on January 22, 2001; in Canton Municipal Court on September 1, 1998; and in Ravenna Municipal Court on March 20, 1998.
 {¶ 2} Prior to trial, appellant filed a motion to suppress evidence regarding his prior convictions. The motion to suppress alleged that the prior convictions as listed in the indictment were uncounseled, and therefore could not be used to enhance the charge to a felony DUI. Attached to his motion, appellant submitted copies of the entries memorializing his convictions in the three municipal court cases, and a copy of the waiver of counsel form filed in the case in Massillon Municipal Court.
 {¶ 3} The State of Ohio filed a response, attaching certified copies of the judgments memorializing his convictions in the three municipal court cases, and certified copies of waiver of counsel forms filed in the Massillon and Canton Municipal Court cases.
 {¶ 4} The information provided by the State demonstrated that on March 20, 1998, the Ravenna Municipal Court filed a judgment entry of conviction and sentence, memorializing appellant's guilty plea to DUI. Appellant was sentenced to ten days in jail, with all days suspended if he attended "DUI School." The entry did not reflect whether appellant was represented by counsel and did not indicate whether appellant was indigent.
 {¶ 5} As to the Canton Municipal Court case, the record reflected that on September 1, 1998, the court filed a judgment entry of conviction upon a plea of no-contest. Appellant was found guilty and sentenced to sixty-five days in jail, with all but five suspended. The record reflected that appellant was advised of his right to counsel, and that he waived the right prior to entering his plea. An explanation of rights form which was signed by appellant indicated a heightened penalty for multiple DUI offenses, and noted that appellant waived his right to counsel. Neither the conviction nor the explanation of rights forms indicated whether or not appellant was indigent.
 {¶ 6} On January 22, 2001, the Massillon Municipal Court entered a judgment of conviction and sentence recording a no-contest plea to DUI. Appellant was found guilty and sentenced to thirty days in jail and thirty days at Oriana House. The trial court filed a journal entry on the no-contest plea, indicating that appellant was waiving his right to counsel. Neither form indicates whether appellant was indigent.
 {¶ 7} No evidence was presented to the court at the suppression hearing. The State of Ohio rested on its brief. Counsel for appellant argued in support of the motion, but did not present any evidence. The trial court overruled appellant's motion to suppress. Appellant then entered a plea of no-contest, and was convicted. Appellant's driver's license was suspended for three years, he was fined $800, and he was sentenced to community control for three years. He assigns a single error on appeal:
 {¶ 8} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS PRIOR CONVICTIONS FOR DRIVING UNDER THE INFLUENCE USED TO ENHANCE THE INSTANT CASE TO A FELONY."
 {¶ 9} When a defendant raises a constitutional question concerning a prior conviction, he must lodge an objection as to the use of this conviction, and he must present sufficient evidence to establish a prima facie showing of constitutional infirmity. State v. Adams (1988),37 Ohio St.3d 295, paragraph two of the syllabus. A reviewing court must presume all underlying proceedings were conducted in accordance with the rules of law, and a defendant must introduce evidence to the contrary in order to establish a prima facie showing of constitutional infirmity.State v. Brandon (1989), 45 Ohio St.3d 85, syllabus. A defendant is not required to be represented by counsel at the prior misdemeanor hearing, in order to use the conviction for enhancement, unless actual imprisonment is imposed, and the record indicates that the defendant was indigent or financial unable to obtain counsel in the prior conviction.State v. Gerwin (1982), 69 Ohio St.2d 488, 491, citing Scott v. Illinois
(1979), 440 U.S. 367, and Baldasar v. Illinois (1980), 446 U.S. 222.
 {¶ 10} In the instant case, appellant failed to make a prima facie case demonstrating that the prior convictions were uncounseled, and that they therefore could not be used to enhance the instant offense to a felony. As to the Ravenna conviction, the record does not reflect that appellant was not represented by counsel, and further does not reflect that he was indigent. Both the Canton and Massillon Municipal Court cases included a filed waiver of counsel, and appellant has not brought forth any evidence to demonstrate that such waivers were not entered knowingly, voluntarily, and willingly. Further, appellant did not present evidence that he was indigent in either case.
 {¶ 11} As appellant failed to demonstrate a prima facie case that he was denied counsel in the underlying misdemeanor convictions, the court did not err in overruling his motion to suppress.
 {¶ 12} The assignment of error is overruled.
 {¶ 13} The judgment of the Stark County Common Pleas Court is affirmed.
By Gwin, P.J., Farmer, J., and Boggins, J., concur.
Topic: DUI-felony.