OPINION
{¶ 1} The instant appeal emanates from a final judgment of the Girard Municipal Court. Appellant, Cherrie Mogul, seeks the reversal of her conviction on one count of failing to properly confine or restrain certain dogs. As the sole basis for her appeal, she contends that she was denied her basic right to be represented by appointed counsel during her criminal trial.
 {¶ 2} The sole count against appellant was predicated on an incident which took place on September 1, 2003. At approximately 8:00 a.m. that morning, the Liberty Township Police Department received a telephone complaint concerning dogs which were running free in the general vicinity of Ruth Circle and Haviland Drive. Upon arriving in that area, a Liberty Township patrolman saw two dogs in the yard of an individual who resided on Haviland Drive. In light of prior incidents involving the dogs, the patrolman immediately recognized the dogs as belonging to appellant and her husband, Michael L. Mogul, who lived on Ruth Circle, a street adjacent to Haviland Drive.
 {¶ 3} The patrolman then proceeded to the Mogul residence and spoke to appellant as she was exiting her motor vehicle. Initially, appellant denied that any of the family dogs were outside their home at that time. However, as she prepared to enter the home, the two dogs ran through the yard and went into the home. As a result, the patrolman gave appellant a citation for failing to properly maintain the dogs under R.C. 955.22(C).
 {¶ 4} On September 23, 2003, appellant appeared before a municipal court magistrate for the purpose of making her initial appearance on the citation. On that same date, appellant signed a written waiver of her basic right to a speedy trial. This waiver contained a statement indicating that appellant had been advised in open court of her right to have an attorney appointed to represent her in the case if she could not obtain counsel herself. However, even though the waiver had a segment where a defendant could waive the basic right to counsel, appellant did not sign that portion of the document.
 {¶ 5} Since other charges involving the Mogul dogs were also pending against Michael J. Mogul at that time, a consolidated bench trial was held on October 16, 2003. At the outset of this proceeding, appellant asserted two motions in her own behalf. First, she requested that a separate charge against her, stemming from July 2003, be dismissed on the grounds of a violation of her right to a speedy trial. Second, as to the September 2003 charge, she moved that the trial be continued so that the trial court could appoint counsel to represent her in the matter. In support of the latter motion, appellant stated that, despite the fact that her husband was a licensed attorney, she did not want him to act as her counsel at trial. She also stated that, when she had previously inquired about the appointment of counsel, she had been told to raise the question with the court prior to trial.
 {¶ 6} In regard to appellant's first motion, the trial court concluded that the dismissal of the July 2003 charge was warranted; accordingly, as to appellant, the trial went forward solely on the September 2003 charge. In relation to the second motion, the court noted that appellant had been informed of her general constitutional rights at the beginning of the case when she made her initial appearance. Based upon this, the trial court ultimately held that, since appellant had not taken any steps during the interim period to obtain counsel, she had implicitly waived her right to appointed counsel. Therefore, the court overruled her motion for counsel, and the matter went forward immediately with appellant essentially representing herself pro se.
 {¶ 7} At the close of the evidence at trial, the trial court found appellant guilty of failing to restrain or confine the family dogs. As her sentence, the trial court ordered appellant to serve a jail term of thirty days and imposed a fine of $250. However, the court then suspended the entire jail term and part of the fine, and placed her on probation for two years.
 {¶ 8} Approximately two weeks after the trial, appellant's husband submitted a motion for a new trial in behalf of himself and her. As to appellant, the crux of this motion was the argument that the trial court had violated her constitutional right by imposing a term of imprisonment without appointing an attorney to represent her at trial. On November 4, 2003, the trial court rendered a separate judgment in which it overruled the motion for a new trial.
 {¶ 9} In now appealing her conviction to this court, appellant has asserted the following assignment of error:
 {¶ 10} "The trial court erred by requiring appellant to proceed at trial without counsel, despite her repeated requests for such, in violation of appellant's rights provided by theSixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution."
 {¶ 11} Under this sole assignment, appellant essentially submits that the trial court erred in holding that she had implicitly waived her constitutional right to counsel by not taking certain steps until the day of the trial. According to her, a proper waiver of the right did not take place in this instance because the trial court never fully explained to her on the record the ramifications of not having an attorney represent her. Appellant also submits that an actual waiver was impossible because she specifically stated at the outset of the proceeding that she wanted counsel to be appointed for her. Based on this, she argues that the trial court should have granted a continuance of her trial for the purpose of appointing an attorney for her.
 {¶ 12} Pursuant to the Sixth Amendment of the United States Constitution, the accused in a criminal proceeding is entitled "to have the Assistance of Counsel for his defence." In reviewing the various cases in which the United States Supreme Court has discussed the parameters of the Sixth Amendment, this court has noted that the right to appointed counsel is not applicable to every action which might be considered "criminal" in nature. Specifically, an indigent defendant is only entitled to an appointed attorney in those felony and misdemeanor prosecutions in which it is possible that a term of imprisonment could be imposed. State v. Boughner (Dec. 17, 1999), 11th Dist. No. 98-G-2161, 1999 Ohio App. LEXIS 6116, at *7-9, citingArgersinger v. Hamlin (1972), 407 U.S. 25 and Scott v.Illinois (1979), 440 U.S. 367. In paraphrasing the Supreme Court holdings, the Boughner court stated:
 {¶ 13} "In the wake of Scott, there can no longer be any doubt that the right to counsel does not extend to misdemeanorprosecutions in state courts which result in no jail time for thedefendant. Rather, the Constitution only mandates that an indigent criminal defendant may not be sentenced to a term of imprisonment unless the state has afforded him the right to assistance of appointed counsel." (Emphasis sic.) Id., at *10-11.
 {¶ 14} As part of this court's analysis in Boughner, we emphasized that the scope of the application of the right to counsel is recognized in Crim.R. 44, which sets forth the basic procedure for the assignment of counsel in Ohio criminal cases. Subsection (A) of the rule states that if a defendant has been charged with a "serious offense" and is unable to obtain her own counsel, an attorney must be "assigned" to her so that she will be able to have legal representation at every stage of the case. The only exception noted under subsection (A) is when "the defendant, after being fully advised of [her] right to assigned counsel, knowingly, intelligently, and voluntarily waives [her] right to counsel." In contrast to the mandatory requirement of subsection (A), Crim.R. 44(B) provides:
 {¶ 15} "Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent [her]. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon [her], unless after being fully advised by the court, [she] knowingly, intelligently, and voluntarily waives assignment of counsel."
 {¶ 16} Under Crim.R. 2(D), a petty offense is defined as any misdemeanor for which the maximum penalty under state law is imprisonment for six months or less. In the instant case, appellant was cited for a violation of R.C. 955.22(C). R.C.955.99(E)(1) provides that a person who is found guilty under R.C. 955.22(C) can be sentenced to a jail term of thirty days or less if she has had a prior conviction under that provision. Thus, since the maximum period of imprisonment for failing to properly confine or restrain a dog is thirty days, a violation of R.C. 955.22(C) is considered a "petty offense" for purposes of Crim.R. 44.
 {¶ 17} In turn, because the underlying offense in this matter was a "petty" misdemeanor, Crim.R. 44(B) was applicable. Pursuant to that rule, the trial court could impose a term of imprisonment only under two circumstances: (1) appellant was actually represented by counsel during her trial; or (2) she decided to represent herself and properly waived her right to counsel. Our review of the trial transcript in this case readily indicates that appellant did not have the benefit of counsel at trial. As to this point, we would again note that appellant stated at the outset of the trial that she did not want her husband to represent her even though he was a licensed attorney. Accordingly, the imposition of a jail term upon appellant was appropriate in this instance only if she properly waived the right to counsel.
 {¶ 18} The basic procedure for the waiver of counsel in a criminal action is delineated in Crim.R. 44(C), which simply states that such a waiver must be made in open court and must be recorded in the manner provided under Crim.R. 22. The latter rule then states that the waiver of counsel in "petty cases" should be recorded by means of shorthand, stenotype, or any other adequate mechanical device.
 {¶ 19} In construing Crim.R. 44(C), this court has indicated that the requirements of the rule must be applied consistent with the general principle that courts must indulge every reasonable presumption against the waiver of a fundamental constitutional right. State v. Bayer (1995), 102 Ohio App.3d 172, 179. Hence, all waiver requirements in Crim.R. 44 and Crim.R. 22 are mandatory. Id. For this reason, a waiver of the right to counsel cannot be presumed from a silent record; instead, any such waiver must affirmatively be set forth on the record. State v. Dyer
(1996), 117 Ohio App.3d 92, 95. Furthermore, it has been emphasized that the state ultimately has the duty to demonstrate that a valid waiver took place. Id.
 {¶ 20} As to the actual substance of the waiver, the courts of this state have held that a proper waiver can occur only when a trial court has given the defendant a sense of the inherent difficulties in attempting to represent herself throughout a criminal case. State v. Vordenberge (2002),148 Ohio App.3d 488, 492. Consequently, a trial court is obligated to engage in a dialog with the defendant which will inform her of the nature of the charged offenses, any "included" offenses, the range of possible punishments, any possible defenses, and any other facts which are essential for a total understanding of the situation.Dayton v. Ealy, 2d Dist. No. 20462, 2006-Ohio-308, at ¶ 13.
 {¶ 21} In the present case, a review of the trial transcript establishes that the trial court never tried to have the necessary dialog with appellant during the proceeding. More importantly, the transcript shows that appellant did not seek to waive her right to have an attorney appointed for her; in fact, as was noted above, she expressly asked for the appointment of counsel. In addition, this court would note that, although the trial court stated at trial that the right to appointed counsel had been explained to appellant during her arraignment, the record before us in this appeal does not contain a transcript of that hearing. Thus, even if a valid waiver did occur at that time, we cannot consider that possibility for purposes of our discussion because the normal presumption of regularity cannot be applied in relation to a waiver of counsel. As to this latter point, this court would again indicate that even though the state is the appellee in this instance, it still would have the burden of ensuring that the record on appeal contained a transcript of the initial appearance if one was available.
 {¶ 22} As the basis for its decision to deny appellant's request for counsel, the trial court concluded that she had implicitly waived her right to counsel by attending the trial without taking any steps to obtain an attorney. However, in light of the requirements of Crim.R. 44(C) and the relevant case law, a waiver by implication is simply not permissible. See In reBays, 2d Dist. Nos. 2002-CA-52 and 56, 2003-Ohio-1256. Again, any waiver of the constitutional right to counsel must be made affirmatively and on the record.
 {¶ 23} In light of the foregoing analysis, this court holds that appellant never waived her right to appointed counsel in a knowing, intelligent, and voluntary manner. As a result, the trial court did not have the authority to impose a jail sentence after finding appellant guilty of failing to constrain or confine her dogs.
 {¶ 24} As part of her sole assignment, appellant further contends that the failure of the trial court to obtain a valid waiver necessitates the vacation of her entire conviction. As to this issue, we would again state that, due to the frequency with which the basic "waiver" question has been raised before us, we have had a prior opportunity to address this specific issue in the context of a "petty offense" conviction. In Boughner,
supra, this court reached the following conclusion after reviewing Crim.R. 44(B) and the relevant precedent of the United States Supreme Court:
 {¶ 25} "Thus, the right to appointed counsel under the Sixth
and Fourteenth Amendments in state criminal proceedings is limited to cases that lead to actual imprisonment. Consequently,by vacating any term of confinement imposed on an unrepresentedmisdemeanant, any potential violation of the constitutional rightto counsel is thereby eradicated. In other words, if the jail time is thrown out on appeal, then there is no cognizable violation of the Sixth Amendment right to counsel because, as the Supreme Court of Ohio has held, `uncounseled misdemeanor convictions are constitutionally valid if the offender is not actually incarcerated.' [State v. Brandon (1989),45 Ohio St.3d 85,] 86." (Emphasis sic.) Boughner at *25-26.
 {¶ 26} Pursuant to the foregoing analysis, the constitutional "right" to appointed counsel is applicable to a "petty offense" prosecution only to the extent that the defendant can be imprisoned upon conviction. Accordingly, the trial court's error in the instant case does not warrant the reversal of appellant's entire conviction. Instead, she is only entitled to have her thirty-day jail term vacated.
 {¶ 27} Therefore, appellant's sole assignment of error in this appeal has merit in part. While appellant's basic conviction for failing to confine or restrain her dogs is upheld, this court hereby modifies her sentence by vacating the thirty-day jail term imposed by the trial court. To this extent, the judgment of the trial court is modified and affirmed as modified.
O'Neill, J., Rice, J., concur.