[Cite as *State v. Ross*, 2017-Ohio-709.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-T-0016** |
| DENNIS R. ROSS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Girard Municipal Court, Case No. 2015 CRB 00226.

Judgment: Affirmed.

*Michael E. Bloom,* Girard City Prosecutor, Girard Municipal Court, 100 North Main Street, Girard, OH 44420 (For Plaintiff-Appellee).

*Rhys Brendan Cartwright-Jones,* 42 North Phelps Street, Youngstown, OH 44503 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1}   Appellant, Dennis R. Ross, appeals his conviction for passing bad checks, R.C. 2913.11(B), a misdemeanor of the first degree. Mr. Ross' conviction followed a bench trial in the Girard Municipal Court on September 3, 2015. Mr. Ross did not retain counsel and prior to trial the court had the following conversation with Ross.

{¶2}   "The Court: Mr. Ross, I understand you're prepared to go forward with the trial at this time.

{¶3}   "Ross: Yes, sir.

**{¶4}** "The Court: All right. The prosecutor is prepared to go forward at this time?

**{¶5}** "Mr. Bloom: We are, your Honor.

**{¶6}** "The Court: All right. We're going to go ahead and go forward with the trial. Since you do not have an attorney, just so you understand the procedure, the prosecutor is going to go a head and go first. He's going to present his case. When he's done presenting his case, you'll have an opportunity to present yours. Do you have any questions?

**{¶7}** "Ross: No, sir."

**{¶8}** The first witness to testify at trial was Rhonda Kohn, the office manager for Vienna Auto Repair. Ms. Kohn testified that Ross was a customer on January 14, 2015 when Vienna Auto Repair repaired and replaced the right front wheel bearing and axle joint on Ross' 2004 Dodge 250 pickup truck. According to Ms. Kohn, Ross paid the $404.44 bill for the repair with a personal check. When Ms. Kohn presented the check to the bank a few weeks later it was returned for non-sufficient funds.

**{¶9}** Ms. Kohn testified that she informed Ross about the non-sufficient funds and that he (Ross) stated that he would be in to take care of it. Ms. Kohn also identified a copy of Ross' bill that shows a notation stating: Called 2/10/15 will stop in to pay on 2/11/15. A copy of the check showing that it had been returned for non-sufficient funds was also identified by Ms. Kohn. These exhibits were entered into evidence without objection. Mr. Ross did not cross examine Ms. Kohn.

**{¶10}** Mr. Ross then took the stand to testify in his own defense. Ross stated that two days after he had his truck repaired at Vienna Auto Repair the right front wheel

2

of his truck came off while he was driving, causing an accident that damaged his truck and another vehicle.  Ross testified that the mechanic who looked at his truck after the wheel fell off told Ross that whoever had made the repair had failed to put the cotter pin in the bolt that holds the wheel hub onto the truck.

{¶11}  Mr. Ross then testified that he called Vienna Auto Repair on January 18, 2015, and told the mechanic that he was issuing a stop payment on the check due to the alleged defective repair.  Ross also stated he told the mechanic that this matter would proceed through a civil matter in court due to the accident.  Ross also testified that he had never spoken to Ms. Kohn on the phone regarding his check being returned for non-sufficient funds.

{¶12}  During cross examination the prosecutor asked the court to take judicial notice that January 18, 2015 was a Sunday.  On cross-examination Ross admitted that he did not bring a copy of the crash report caused by the alleged defective repair.  Ross also admitted that he did not have a copy of the stop-payment order with him at court.

{¶13}  The prosecutor then called Sergeant Michael Sheehy of the Vienna Township Police Department.  Sergeant Sheehy testified that he spoke to Ross on the phone regarding the dishonored check on February 26, 2015.  The prosecutor then asked Sergeant Sheehy if, hearing Ross' voice in court, he had any reason to believe that his phone call was not with Ross: Sergeant Sheehy answered "no."

{¶14}  Asked what Ross told him during the phone conversation, Sergeant Sheehy testified that Ross told him that his (Ross') bank accounts were seized by the IRS and that was why the check came back indicating non-sufficient funds.  Mr. Ross cross examined Sergeant Sheehy and asked how the sergeant could be sure that it was

3

Ross that he spoke to on the phone. Sergeant Sheehy answered that Ross' voice sounded the same as it did on the phone. Sergeant Sheehy also added that Ross, in person, admitted to talking to the sergeant on the phone during a pretrial in the case with another prosecutor.

{¶15} Other than denying that he had ever made such an admission, Ross had no further questions of the sergeant. The trial then concluded. The trial court found Ross guilty of passing a bad check and passed the matter for sentencing. At sentencing Ross was fined $500 with $500 of the fine suspended; he was sentenced to 30 days in jail with 30 days suspended; and placed on six months non-reporting probation. Mr. Ross was also ordered to pay $403 in restitution.

{¶16} Mr. Ross timely appeals and raises the following assignments of error:

{¶17} "[1.] The trial court erred in proceeding to trial without a valid counsel waiver, given that Ross had no attorney.

{¶18} "[2.] The trial court erred in entering a conviction without sufficient evidence to do so."

{¶19} Under the first assignment of error Ross argues that the trial court erred by allowing him to proceed with his defense pro se without first inquiring whether his waiver of that right was made knowingly and intelligently.

{¶20} "The Sixth Amendment, as made applicable to the states by the Fourteenth Amendment, guarantees that a defendant in a state criminal trial has an independent constitutional right of self-representation and that he may proceed to defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so." *State v. Gibson,* 45 Ohio St.2d 366, paragraph one of the syllabus

4

(1976), citing *Faretta v. California,* 422 U.S. 806 (1975). (emphasis added). "Absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." *State v. Wellman*, 37 Ohio St.2d 162, paragraph one of the syllabus (1974), citing *Argersinger v. Hamlin*, 407 U.S. 25 (1972). (emphasis added).

{¶21} "In order to establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right." *Gibson,* 45 Ohio St.2d 366, paragraph two of the syllabus. "Presuming a waiver of the Sixth Amendment right of an accused to the assistance of counsel from a silent record is impermissible. The record must show, or there must be an allegation and evidence which shows, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not a waiver." *Wellman,* 37 Ohio St.2d 162, paragraph two of the syllabus, citing *Carnley v. Cochran*, 369 U.S. 506 (1962).

{¶22} Pursuant to Crim.R. 44(C), "[w]aiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22." Crim.R. 22 provides that waiver of counsel "may be recorded in shorthand, or stenotype, or by any other adequate mechanical, electronic or video recording device."

{¶23} This court has recognized that "a trial court is obligated to engage in a dialog with the defendant which will inform her of the nature of the charged offenses, any 'included' offenses, the range of possible punishments, any possible defenses, and any other facts which are essential for a total understanding of the situation." *State v. Mogul,* 11th Dist. Trumbull No. 2003-T-0178, 2006-Ohio-1873, ¶20.

5

{¶24} In this matter the trial court did not engage in any dialog with Ross regarding the nature of the charges against him, the possible sentence, or any other information that would inform Ross "of the inherent difficulties in attempting to represent [him]self throughout a criminal case." *Id.* The trial court's dialog with Ross was limited to an acknowledgement that Ross did not have legal representation and an explanation that the prosecutor presents his case first. This dialog is insufficient to establish that Ross' decision to proceed without an attorney was made knowingly and intelligently. *State v. Boughner* (Dec. 17, 1999), 11th Dist. No. 98-G-2161, at *8, 1999 WL 1297606 ("a waiver of counsel is knowing, intelligent, and voluntary only when the defendant is made aware of the dangers and disadvantages of self-representation such that the record establishes that the defendant knowingly made the choice with his eyes wide open").

{¶25} Where a defendant has been convicted of a petty offense without counsel, and absent a valid waiver of counsel, any jail sentence must be vacated although the conviction itself still stands. *Mogul,* 2006-Ohio-1873, at ¶26. The reason for this is that "the right to appointed counsel under the Sixth and Fourteenth Amendments in state criminal proceedings is limited to cases that lead to actual imprisonment. Consequently, *by vacating any term of confinement imposed on an unrepresented misdemeanant, any potential violation of the constitutional right to counsel is thereby eradicated.* In other words, if the jail time is thrown out on appeal, then there is no cognizable violation of the Sixth Amendment right to counsel because, as the Supreme Court of Ohio has held, 'uncounseled misdemeanor convictions are constitutionally valid

6

if the offender is not actually incarcerated.'" *Boughner,* *10, 1999 WL 1297606 (emphasis sic), citing *State v. Brandon*, 45 Ohio St.3d 85, 86 (1989).

{¶26} In the present matter Ross was sentenced to 30 days in jail with 30 days being suspended; he was also placed on six months non-reporting probation that terminated on July 1, 2016. Inasmuch as Ross was not incarcerated his conviction is constitutionally valid. Given that Ross' term of probation has already ended—any issues regarding his 30 day suspended sentence are moot. *State v. Adams*, 8th Dist. Cuyahoga No. 85267, 2005-Ohio-3837, ¶5.

{¶27} Ross' first assignment of error lacks merit.

{¶28} Ross' second assignment of error states the trial court erred in entering a conviction without sufficient evidence to do so.

{¶29} As this court stated in *State v. Schlee,* 11th Dist. Lake No. 93–L–082, 1994 WL 738452, *4–5 (Dec. 23, 1994):

{¶30} "'Sufficiency' challenges whether the prosecution has presented evidence on each element of the offense to allow the matter to go to the jury, while 'manifest weight' contests the believability of the evidence presented.

{¶31} "'"(* * *) [T]he test (for sufficiency of the evidence) is whether after viewing the probative evidence and the inference[s] drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all of the elements of the offense beyond a reasonable doubt. *The claim of insufficient evidence invokes an inquiry about due process. It raises a question of law, the resolution of which does not allow the court to weigh the evidence.*'"

7

**{¶32}** "In other words, the standard to be applied on a question concerning sufficiency is: when viewing the evidence 'in a light most favorable to the prosecution,' '(a) reviewing court (should) not reverse a jury verdict where there is substantial evidence upon which the jury could reasonably conclude that all of the elements of an offense have been proven beyond a reasonable doubt.'" (emphasis sic.) (Citations omitted.)

**{¶33}** "[A] reviewing court must look to the evidence presented * * * to assess whether the state offered evidence on each statutory element of the offense, so that a rational trier of fact may infer that the offense was committed beyond a reasonable doubt." *State v. March,* 11th Dist. Lake No. 98–L–065, 1999 WL 535675, *3 (July 16, 1999). The evidence is to be viewed in a light most favorable to the prosecution when conducting this inquiry. *State v. Jenks,* 61 Ohio St.3d 259, paragraph two of the syllabus (1991). Further, the verdict will not be disturbed on appeal unless the reviewing court finds that reasonable minds could not have arrived at the conclusion reached by the trier of fact. *State v. Dennis,* 79 Ohio St.3d 421, 430 (1997).

**{¶34}** Here the evidence, viewed in a light most favorable to the prosecution, was sufficient for the trial court to reasonably conclude that all of the elements of the offense of passing a bad check were proved beyond a reasonable doubt. There is no dispute that the check Ross wrote to Vienna Auto Repair was returned for non-sufficient funds. Ms. Kohn testified that she spoke to Ross on the phone in February, a month after the repair on his truck, and he stated that he would be in to pay it. Sergeant Sheehy testified that Ross told him on February 26, 2015 that the check was returned because the IRS had seized his bank account.

{¶35} Mr. Ross testified that he called Vienna Auto Repair on January 18, 2015 (a Sunday) and told the mechanic that he was stopping payment on the check because the wheel was not properly repaired—which led to his being involved in an accident with another vehicle. Mr. Ross did not provide a copy of the accident report, nor did he provide any documentation regarding the lawsuit that his insurance company was allegedly preparing against Vienna Auto Repair related to the improper repair. Mr. Ross denied speaking on the phone to Ms. Kohn; Ross also denied that he had admitted to Sergeant Sheehy at the pre-trial that he had spoken to Sheehy on the phone.

{¶36} Sufficient evidence was presented for reasonable minds to arrive at the conclusion reached by the trial court.

{¶37} Ross' second assignment of error lacks merit.

{¶38} The judgment of the Girard Municipal Court is affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

TIMOTHY P. CANNON J.,

concur.

9