[Cite as *State v. Landingham*, 2021-Ohio-4258.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br><br>Plaintiff-Appellee,<br><br>- v -<br><br>ERIC D. LANDINGHAM,<br><br>Defendant-Appellant. | CASE NO. 2020-L-103<br><br>Criminal Appeal from the<br>Painesville Municipal Court<br><br>Trial Court No. 2020 CRB 01430 |

## **O P I N I O N**

Decided: December 6, 2021
Judgment: Affirmed

*James M. Lyons*, 240 East Main Street, Painesville, OH 44077 (For Plaintiff-Appellee).

*Mandy J. Gwirtz*, Mandy Gwirtz, LLC, 20050 Lakeshore Boulevard, Euclid, OH 44123 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Eric D. Landingham, appeals from his conviction in the Painesville Municipal Court. We affirm.

{¶2} Following a bench trial, appellant was found guilty of assault, a first-degree misdemeanor, in violation of R.C. 2903.13(A) ("No person shall knowingly cause or attempt to cause physical harm to another * * *."). On September 14, 2020, appellant was sentenced to 180 days in the Lake County Jail. While serving his jail sentence, appellant appealed his conviction. Appearing from the record that appellant has

completed his jail sentence, we issued a show cause order to the parties on the issue of mootness.

{¶3} "[W]here a criminal defendant, convicted of a *misdemeanor*, voluntarily satisfies the judgment imposed upon him or her for that offense, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction." (Emphasis sic.) *State v. Golston*, 71 Ohio St.3d 224, 226, 643 N.E.2d 109 (1994), citing *State v. Wilson*, 41 Ohio St.2d 236, 325 N.E.2d 236 (1975) and *State v. Berndt*, 29 Ohio St.3d 3, 504 N.E.2d 712 (1987). "[I]t is reversible error for an appellate court to consider the merits of an appeal that has become moot after the defendant has voluntarily satisfied the sentence[.]" *Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278, ¶ 18, citing *Berndt* at 4.

{¶4} Appellant contends his appeal is not moot because he did not serve his sentence voluntarily; he may be ineligible for future government aid or housing programs; and he has outstanding court costs. The state of Ohio does not dispute the issue of court costs, and we agree this alone is sufficient to save the appeal from mootness, despite appellant's completion of the jail sentence. *See, e.g.*, *State v. Ruley*, 2d Dist. Miami No. 2017-CA-10, 2018-Ohio-3201, ¶ 10, citing *State v. Laster*, 2d Dist. Montgomery No. 25019, 2013-Ohio-621, ¶ 3, fn. 1 (concluding unpaid court costs is sufficient); *also State v. Sullivan*, 11th Dist. Lake Nos. 2019-L-143 & 2019-L-144, 2020-Ohio-1439, ¶ 14 (concluding unpaid fines and court costs are sufficient).

{¶5} We proceed to the merits of the appeal, wherein appellant advances three assignments of error:

2

[1.] The trial court violated the defendant-appellant's constitutional right to effective representation as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article 1 of the Ohio Constitution.

[2.] The trial court erred when it allowed testimony of an incompetent witness in violation of the defendant-appellant's due process rights guaranteed by Article 1, Section 10 of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.

[3.] The trial court erred to the prejudice of the defendant-appellant when it returned a verdict of guilty against the manifest weight of the evidence.

{¶6} Appellant first argues the trial court erred when it allowed him to proceed in representing himself at the bench trial without obtaining a voluntary, knowing, and intelligent waiver of counsel.

{¶7} "The Sixth Amendment, as made applicable to the states by the Fourteenth Amendment, guarantees that a defendant in a state criminal trial has an independent constitutional right of self-representation and that he may proceed to defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so." *State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399 (1976), paragraph one of the syllabus, citing *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). "In order to establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right." *Gibson* at paragraph two of the syllabus. "Absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." *State v. Wellman,* 37 Ohio St.2d 162, 309 N.E.2d 915 (1974), paragraph one of the syllabus, citing *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.E.2d 530 (1972).

3

Case No. 2020-L-103

{¶8} Appellant's conviction constitutes a petty offense because the maximum term of confinement for a first-degree misdemeanor is 180 days. *See* Crim.R. 2(D) and (C); R.C. 2929.24(A)(1).

{¶9} Crim.R. 44(B), *counsel in petty offenses*, states, "[w]hen a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon the defendant, unless after being fully advised by the court, the defendant knowingly, intelligently, and voluntarily waives assignment of counsel." Further, Crim.R. 44(C), *waiver of counsel*, requires that all waivers of counsel in petty offense cases "shall be in open court and the advice and waiver shall be recorded as provided in Rule 22," i.e., via "shorthand, or stenotype, or by any other adequate mechanical, electronic or video recording device." Crim.R. 22.

{¶10} "If an unrepresented defendant has been convicted and sentenced to jail for a petty offense and that defendant did not execute a valid waiver of the right to counsel, an appropriate course of action for an appellate court to take is simply to vacate any term of imprisonment, while affirming the conviction itself along with any associated fine." *State v. Boughner*, 11th Dist. Geauga No. 98-G-2161, 1999 WL 1297606, *10 (Dec. 17, 1999), citing *Argersinger*, 407 U.S. 25, and *Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979); *accord State v. Ross*, 2017-Ohio-709, 86 N.E.3d 44, ¶ 25 (11th Dist.), citing *State v. Mogul,* 11th Dist. Trumbull No. 2003-T-0178, 2006-Ohio-1873, ¶ 26 ("Where a defendant has been convicted of a petty offense without counsel, and absent a valid waiver of counsel, any jail sentence must be vacated although the conviction itself still stands."). "The reason for this is that 'the right to appointed counsel under the Sixth and Fourteenth Amendments in state criminal proceedings is limited to cases that lead to

4

actual imprisonment. Consequently, *by vacating any term of confinement imposed on an unrepresented misdemeanant, any potential violation of the constitutional right to counsel is thereby eradicated.'"* (Emphasis sic.) *Ross* at ¶ 25, quoting *Boughner* at *10, citing *State v. Brandon*, 45 Ohio St.3d 85, 86, 543 N.E.2d 501 (1989).

{¶11} Therefore, given that appellant has already served his 180-day jail sentence, there is no relief we can provide for a potential violation of his constitutional right to counsel, and the issue has been rendered moot. *See State v. Edmonds,* 2d Dist. Montgomery Nos. 24155 & 24156, 2011-Ohio-1282, ¶ 9 (concluding a challenge to the waiver of counsel was moot after defendant had served the full jail term for a petty offense); *see also Ross* at ¶ 26, citing *State v. Adams*, 8th Dist. Cuyahoga No. 85267, 2005-Ohio-3837, ¶ 5 (concluding a challenge to the waiver of counsel was moot after defendant's 30-day suspended sentence and term of probation for a petty offense had expired).

{¶12} The first assigned error is without merit.

{¶13} Appellant next argues the trial court erred when it allowed Brian McCauley, admittedly diagnosed with paranoid schizophrenia, to testify over appellant's challenge to his competency.

{¶14} Evidence Rule 601, the general rule of competency, provides in pertinent part as follows:

> **(A) General Rule.** Every person is competent to be a witness except as otherwise provided in these rules.
>
> **(B) Disqualification of Witness in General.** A person is disqualified to testify as a witness when the court determines that the person is:

5

Case No. 2020-L-103

(1) Incapable of expressing himself or herself concerning the matter as to be understood, either directly or through interpretation by one who can understand him or her; or

(2) Incapable of understanding the duty of a witness to tell the truth.

{¶15} "'A person, who is able to correctly state matters which have come within his perception with respect to the issues involved and appreciates and understands the nature and obligation of an oath, is a competent witness notwithstanding some unsoundness of mind.'" *State v. Bradley*, 42 Ohio St.3d 136, 140-141, 538 N.E.2d 373 (1989), quoting *State v. Wildman*, 145 Ohio St. 379, 61 N.E.2d 790 (1945), paragraph three of the syllabus. "Moreover, competency under Evid.R. 601 contemplates several characteristics: (1) the individual must have the ability to receive accurate impressions of fact; (2) the individual must be able to accurately recollect those impressions; and (3) the individual must be able to relate those impressions truthfully." *State v. Conner*, 8th Dist. Cuyahoga No. 99557, 2014-Ohio-601, ¶ 34, citing *State v. Grahek*, 8th Dist. Cuyahoga No. 81443, 2003-Ohio-2650, ¶ 25, citing *State v. Said*, 71 Ohio St.3d 473, 644 N.E.2d 337 (1994).

{¶16} A trial court generally has broad discretion to determine whether a witness is competent to testify. *State v. Clark*, 71 Ohio St.3d 466, 469, 644 N.E.2d 331 (1994). "Absent an abuse of discretion, competency determinations of the trial judge will not be disturbed on appeal." (Citations omitted.) *Id.* at 469; *see also State v. Moreland*, 50 Ohio St.3d 58, 61, 522 N.E.2d 894 (1990) (defining abuse of discretion as an "unreasonable, arbitrary or unconscionable" decision).

{¶17} In response to appellant's challenge to Mr. McCauley's competency, the trial court engaged in the following colloquy with Mr. McCauley:

6

Case No. 2020-L-103

THE COURT: Mr. McCauley, do you know right from wrong?

THE WITNESS: Yes.

THE COURT: Okay. So give me an example of something that's wrong.

THE WITNESS: Wrong would be going into a store and not paying for nothing and walking out with it.

THE COURT: Okay. And do you understand that you're supposed to tell the truth today?

* * *

THE WITNESS: Yes.

THE COURT: And anything with regards to your physical condition that would allow you not to tell the truth? * * * Any concern with going forward today and testifying to the truth of the matter today?

THE WITNESS: No.

THE COURT: Okay. You took an oath, you're willing to abide by that oath; is that correct?

THE WITNESS: Yes.

THE COURT: You understood that?

THE WITNESS: Yes.

Mr. McCauley's responses to these questions demonstrate that it was not an abuse of discretion for the trial court to permit him to testify.

{¶18} Appellant takes issue with the substance of Mr. McCauley's testimony. For instance, Mr. McCauley indicated he only vaguely remembered the incident at issue, which he attributed to medication he is prescribed for his mental illness; he read into evidence, without objection, the written statement he gave the police the night of the incident; and he admitted on cross-examination that he sometimes talks to people who

7

are not there. Appellant contends Mr. McCauley's lack of memory prevented him from effectively cross-examining him as to the incident. Appellant did cross-examine Mr. McCauley, however, as to his faulty recollection and the parameters of his mental illness. Thus, appellant's arguments as to the substance of the testimony relate not to Mr. McCauley's competency to testify, but to his credibility and the weight his testimony should be afforded, arguments properly addressed in the final assigned error.

{¶19} The second assigned error is without merit.

{¶20} Finally, appellant argues his conviction is against the manifest weight of the evidence because it is not supported by competent, credible evidence proving his guilt beyond a reasonable doubt.

> Weight of the evidence concerns "the inclination of the *greater amount of credible evidence,* offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the *greater amount of credible evidence* sustains the issue which is to be established before them."

(Emphasis sic.) *State v. Thompkins,* 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997), quoting *Black's Law Dictionary* 1594 (6th Ed.1990).

{¶21} "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *Id.* "'The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest

8

Case No. 2020-L-103

miscarriage of justice that the conviction must be reversed and a new trial ordered." *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶22} "The [factfinder] is the sole judge of the weight of the evidence and the credibility of the witnesses. It may believe or disbelieve any witness or accept part of what a witness says and reject the rest. In reaching its verdict, the [factfinder] should consider the demeanor of the witness and the manner in which he testifies, his connection or relationship with the prosecution or the defendant, and his interest, if any, in the outcome." *State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964); *accord State v. Miller*, 4th Dist. Hocking No. 18CA3, 2019-Ohio-92, ¶ 28 ("The trier of fact is free to believe all, part, or none of the testimony of any witness, and we defer to the trier of fact on evidentiary weight and credibility issues because it is in the best position to gauge the witnesses' demeanor, gestures, and voice inflections, and to use these observations to weigh their credibility." (Citations omitted.)) Therefore, because "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts," "'the discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus; *Thompkins* at 376, quoting *Martin* at 175.

{¶23} The victim initially reported that she was assaulted by two people— appellant and Heather Kline. Officer William Sickles testified that appellant was the only individual charged because a corroborating witness, Brian McCauley, only witnessed appellant assault the victim. Mr. McCauley testified that he remembered the police came to his house, that he spoke with them for a while, and that the victim was staying with him

9

at that time. The prosecutor attempted to refresh Mr. McCauley's recollection with the written statement he gave to the police the night of the alleged assault, but he was only able to recall that the incident occurred during the day and that the victim was "being bothered in the house." The prosecutor then asked him to read the written statement into the record, without objection:

> I, Brian McCauley, witnessed a black male with a bandanna over his face attack [the alleged victim] at my house, [address redacted], July 13, 2020. I witnessed at that time Heather Klein walk in and grab something while (words indistinct) pushed [the alleged victim].

When asked whether he recognized the person who attacked the alleged victim, Mr. McCauley testified that he "knew Eric Landingham" before the incident and that, according to his written statement, he recognized Landingham that night as the person who attacked the alleged victim, but that he did not remember it at the time of his testimony.

{¶24} Notwithstanding the obvious issues of credibility and recollection with respect to Mr. McCauley, his testimony is unnecessary to satisfy the manifest weight of the evidence standard. The victim testified that appellant knocked on the door of Mr. McCauley's home, where she was living at the time, and when she opened the door, appellant knocked her to the ground and proceeded to hit her in the face and neck. She also testified that Heather Klein walked in and proceeded to the bedroom, then kicked her before the two individuals left. She testified that after they left, cash was missing from her bedroom. The victim was taken to the hospital as a result of the assault. She testified that she was "pretty sure my nose was broken because I had black eyes (words indistinct) it was swelled up for like two weeks straight." She also had a concussion. The victim knew appellant before the assault and positively identified him as her assailant that

10

evening and at trial; she also testified that he spoke to her during the assault. The victim further testified that appellant apologized to her sometime after the incident, saying that he felt bad it happened and was on drugs at the time.

{¶25} Officer Sickles testified that he responded to the call, met with the victim, who was "crying" and "hysteric," and that she was later taken to the hospital. The officer further testified that the victim's trial testimony was consistent with the statement she gave following the incident and that Mr. McCauley "appeared normal" and was able to give a "clear and concise account."

{¶26} This is not the exceptional case in which the evidence weighs heavily against the conviction. Appellant's assault conviction is not against the manifest weight of the evidence.

{¶27} The third assigned error is without merit.

{¶28} The judgment of the Painesville Municipal Court is affirmed.


CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.

11

Case No. 2020-L-103