[Cite as *State v. Hodge*, 2024-Ohio-2673.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO,

       Plaintiff-Appellee,

- vs -

JOHN A. HODGE,

       Defendant-Appellant.

CASE NO. 2024-A-0002

Criminal Appeal from the
County Court, Eastern District

Trial Court No. 2023 CRB 00342 E

---

## O P I N I O N

Decided:  July 15, 2024
Judgment: Affirmed

---

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Mark Majer*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Eric D. Hall*, P.O. Box 232, Medina, OH 44258 (For Defendant-Appellant).

EUGENE A. LUCCI, P.J.

{¶1}   Appellant, John A. Hodge, appeals his conviction for domestic violence following a jury trial. We affirm.

{¶2}   In 2023, a complaint was filed against Hodge, charging him with domestic violence, a first-degree misdemeanor, in violation of R.C. 2919.25(A) and (D)(2). Hodge pleaded not guilty, and the case proceeded to a jury trial.

{¶3} Following the trial, the jury returned a guilty verdict. Thereafter, the court imposed a sentence of 180 days of confinement, with a jail-time credit of 47 days, and ordered that Hodge pay court costs.[1]

{¶4} In his two assigned errors, Hodge argues:

{¶5} "[1.] The evidence was insufficient to support the jury verdict of guilty.

{¶6} "[2.] Appellant's conviction was against the manifest weight of the evidence."

{¶7} The question of whether sufficient evidence supports a conviction "is a test of adequacy," which we review de novo. *State v. Thompkins*, 1997-Ohio-52, 386. "In a sufficiency-of-the-evidence inquiry, the question is whether the evidence presented, when viewed in a light most favorable to the prosecution, would allow any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt." *State v. Dent*, 2020-Ohio-6670, ¶ 15, citing *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶8} Unlike a review of the sufficiency of the evidence, our review of the "[w]eight of the evidence concerns 'the inclination of the *greater amount of credible evidence* … to support one side of the issue rather than the other.'" (Emphasis in original.) *Thompkins* at 387, quoting *Black's Law Dictionary* (6th Ed. 1990). When considering challenges to the weight of the evidence, an appellate court reviews "'the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and

---

1. Although Hodge did not seek to stay his sentence, and thus it would appear that he has already served the ordered term of confinement, this court has held that an appeal from a misdemeanor conviction is not rendered moot when court costs remain outstanding. *State v. Landingham*, 2021-Ohio-4258, ¶ 4 (11th Dist.). The trial court's online docket indicates that Hodge has not yet paid court costs in this matter.

2

determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983). "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a ""thirteenth juror"" and disagrees with the factfinder's resolution of the conflicting testimony." *Thompkins* at 387, quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982). "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Thompkins* at 387, quoting *Martin* at 175.

{¶9}     Here, as set forth in our recitation of the procedural history, the jury found Hodge guilty of domestic violence, a first-degree misdemeanor, in violation of R.C. 2919.25(A), which provides, "No person shall knowingly cause or attempt to cause physical harm to a family or household member." "'Physical harm to persons' means any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3).

{¶10}   In support of the charge, at trial, the state presented the testimony of an officer for the North Kingsville Police Department. The officer testified that, on October 19, 2023, Hodge and a woman pulled their car alongside the officer's parked cruiser. Hodge told the officer that his wife ("wife") was missing, and the officer began taking a description of wife. As Hodge was speaking to the officer, wife approached on foot, and appeared distraught and crying. She reported to the officer that she did not want to go home with Hodge because she feared for her life. Wife explained that Hodge had grabbed

3

her by her hair and by her face because wife had upset Hodge's girlfriend, who he had moved into the marital home with them. Although wife appeared to have been drinking, the officer noted that she was alert, oriented, and capable of completing a domestic violence complaint. The officer identified video clips, which were played to the jury, of wife's statements as recorded by the officer's body camera in his cruiser and at the police station. The video was admitted into evidence. During the officer's testimony, he also identified a photograph he took of the left side of wife's face. The officer explained that the photograph displayed red marks on wife's face that were visible to the officer. This photograph was also admitted into evidence. On cross-examination, the officer acknowledged that red marks on a face or a flushed face could occur due to intoxication.

{¶11} Thereafter, wife testified that she was highly intoxicated at the time of the incident, and an altercation ensued between her and Hodge because wife was unhappy about the other woman that Hodge had brought into their marriage. However, wife maintained that Hodge did not physically harm her during the argument. Instead, wife stated that Hodge "did (unintelligible) head and tell me to go fix it, 'cause she got upset 'cause I was upset."

{¶12} Wife confirmed that she reported to the officer that Hodge had grabbed her hair and her face, "[b]ut he did not -- I told you that. He didn't really grab my face. He just went like this and told me to go fix it. I told you this --." No description of any gestures wife may have made during this testimony was read into the record. Thereafter, on the state's motion, the court allowed the state to treat wife as a hostile witness. Again, wife denied that Hodge put his hands on her face. However, wife verified her signature on a domestic violence complaint, which was admitted into evidence. The domestic violence

4

complaint states that Hodge did cause or attempted to cause physical harm to wife. The state then inquired of wife why Hodge grabbed her by her hair, and wife responded that it was because she had upset the other woman, and Hodge wanted wife to "go fix it."

{¶13} On cross-examination by defense counsel, wife confirmed that the domestic violence complaint did not note the nature of the assaults where such information was requested on the form. On further questioning by the state, wife denied that Hodge had "pull[ed]" her by her hair. Thus, the record is unclear as to wife's testimony with respect to the manner in which Hodge had physical contact with her during their argument.

{¶14} After wife testified, the state recalled the officer. The officer affirmed that wife's testimony conflicted with her statements given to the officer on the date of the incident. The officer maintained that wife had "a red mark on her chin and she had scratches up on her" cheek, which was consistent with her statement to the officer that Hodge had grabbed her by her face.

{¶15} On cross-examination, the officer acknowledged that, on another form he had completed following the incident, he noted that there was no injury to wife or Hodge. On redirect examination, the officer affirmed that he may have made a mistake on this standardized form because numerous forms are required from an officer when domestic violence has been reported. This form, titled "Officer's Report for Domestic Violence Incident Call," was admitted into evidence.

{¶16} After the officer's rebuttal testimony, the state rested, and Hodge moved for acquittal under Crim.R. 29, arguing that wife unequivocally testified that Hodge did not cause her physical injury. The trial court overruled the motion, and the defense rested.

5

{¶17} In support of his assigned errors on appeal, Hodge relies on wife's testimony denying that Hodge caused her any physical harm. However, as the officer testified to wife's statements following the incident, and the video and domestic violence complaint were admitted into evidence without objection or limitation, wife's statements made following the incident are substantive evidence of physical harm supporting the elements of the offense. *See State v. Pallai*, 2008-Ohio-6635, ¶ 26. Viewing the evidence in the light most favorable to the state, the state produced sufficient evidence in support of the conviction.

{¶18} With respect to the weight of the evidence, this case rests on the credibility of wife, as either her initial report to the officer or her testimony in court was fabricated. "However, as an appellate court, we must defer to the finder of fact on such a credibility question." *Pallai* at ¶ 35. It was within the province of the jury to reject wife's testimony that conflicted with the statements she provided to the officer. *See State v. Lavean*, 2021-Ohio-1456, ¶ 37 (11th Dist.), quoting *State v. Miller*, 2019-Ohio-92, ¶ 28 (4th Dist.) ("'The trier of fact is free to believe all, part, or none of the testimony of any witness, and we defer to the trier of fact on evidentiary weight and credibility issues because it is in the best position to gauge the witnesses' demeanor, gestures, and voice inflections, and to use these observations to weigh their credibility.'"). Further, the jury had before it the officer's testimony that the marks on wife's face were consistent with wife's statement that Hodge had grabbed her face. Our review of the record indicates that this is not the extraordinary case where the evidence weighs heavily against the conviction.

Case No. 2024-A-0002

{¶19} Accordingly, Hodge's assigned errors lack merit.

{¶20} The judgment is affirmed.


MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.